[No. 53939-1.   En Banc.   March 10, 1988.]

JOHN AYDELOTTE, ET AL, *Respondents*, v. ARTHUR AUDETTE, ET AL, *Petitioners*.

*Stafford, Frey & Mertel,* by *Stephen P. Larson* and *Marcus B. Nash,* for petitioners.

*Kenneth C. Pickard* and *Bricklin & Gendler,* by *Michael W. Gendler,* for respondents.

DOLLIVER, J.—This is a civil action brought by John and Patricia Aydelotte against four Island County police officers and Island County claiming assault and battery was committed against them by the officers in Island County. The circumstances which led to this lawsuit need not be recounted here; they are set forth in *State v. Aydelotte,* 35 Wn. App. 125, 665 P.2d 443 (1983). The action was commenced and tried in Jefferson County. Throughout the proceedings, the defendants raised questions of venue and jurisdiction which were ruled upon adversely by the trial court. Defendants did not, however, seek discretionary review. RAP 2.1(a)(2); RAP 2.3. From a verdict in favor of the Aydelottes, the trial court granted a judgment notwithstanding the verdict. Among reasons given by the trial court was lack of jurisdiction because the action should have been brought in Island County under the provisions of RCW 4.12.020(2). In an unpublished opinion, the Court of Appeals reversed. We granted review.

The sole question we need determine is whether RCW 4.12.020(2) speaks to jurisdiction or to venue. The statute in question reads:

Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

. . .

(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command or in his aid, shall do anything touching the duties of such officer . . .

If RCW 4.12.020(2) is simply a venue statute, as contended by plaintiffs, it is arguable defendants waived their right to change venue since they failed to seek discretionary review. *See Lincoln v. Transamerica Inv. Corp.,* 89 Wn.2d 571, 573

P.2d 1316 (1978). If RCW 4.12.020(2) is a jurisdictional statute, the failure to seek discretionary review is immaterial since the jurisdiction of a court may be raised at any time. CR 12(h)(3). The issue is properly before us.

The earliest case construing RCW 4.12.020(2) is *State ex rel. McWhorter v. Superior Court,* 112 Wash. 574, 192 P. 903 (1920). There the court held that if, during the course of a trial, the facts showed the cause arose in some other county than the one in which the case was commenced, "the action would have to be dismissed for want of jurisdiction." *McWhorter,* at 577. The court observed:

> Section 205, Rem. Code [the predecessor of RCW 4.12-.020(2)], provides that an action against a public officer for an act done by him in virtue of his office shall be tried in the county where the cause, or some part thereof, arose. That is, by the mandatory terms of the statute, such action is local; the reason whereof being important to the legislature and not to the courts.

*McWhorter,* at 576–77.

Although in *State ex rel. Hand v. Superior Court,* 191 Wash. 98, 71 P.2d 24 (1937) *McWhorter* was distinguished on its facts, the jurisdictional nature of RCW 4.12.020(2) was cited with approval.

In 1941 the Legislature adopted RCW 4.12.020(3) which provides the plaintiff, in the case of motor vehicle accidents, may sue either in the county where the accident occurred or in the county in which a defendant resides at the time of the commencement of the action. In *Russell v. Marenakos Logging Co.,* 61 Wn.2d 761, 380 P.2d 744 (1963), the court construed the new statute. The motor vehicle accident occurred in Lewis County. Defendant's principal place of business was King County. The action was commenced in King County. Defendant moved for a change of venue to Lewis County, citing RCW 4.12.030. Plaintiff opposed the motion but urged that if a change of venue was made it should be to Pierce County (residence of plaintiff) for the convenience of witnesses. The change of venue from King to Pierce County was granted.

RCW 4.12.030 provides:

> The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:
> (1) That the county designated in the complaint is not the proper county; or,
> (2) That there is reason to believe that an impartial trial cannot be had therein; or,
> (3) That the convenience of witnesses or the ends of justice would be forwarded by the change; or,
> (4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanguinity or affinity, within the third degree; when he has been of counsel for either party in the action or proceeding.

The *Russell* court affirmed, and, citing *Cugini v. Apex Mercury Mining Co.,* 24 Wn.2d 401, 409, 165 P.2d 82, 86 (1946), held RCW 4.12.030 applied "to all causes of action regardless of whether they are local or transitory." *Russell,* at 763. Thus, as stated by Dean Orland:

> [T]he provisions of the statute [RCW 4.12.020] would require, as a jurisdictional matter, that the action be commenced in the specified county, but would not preclude, once the action was properly commenced, a change of place of trial under RCWA 4.12.030.

(Footnote omitted.) 2 L. Orland, Wash. Prac., *Trial Practice* § 44, at 79 (3d ed. 1972).

█ While arguably RCW 4.12.020 might be characterized as a venue statute, *see* 2 L. Orland, at 79–80, where it has considered the issue, the court has consistently held the statute to be jurisdictional. We continue to adhere to that view. If our construction of the statute is in error, this may, of course, be rectified by the Legislature. *But cf. Isho v. Angland,* 65 Wn.2d 375, 397 P.2d 422 (1964) (where the action involving a motor vehicle accident was not brought in the county of the place of accident or the residence of the defendant as required by RCW 4.12.020(3), the court granted the motion of defendant to transfer venue to the

county of his residence; apparently, the jurisdictional issue was not brought to the attention of the court; in any event it was ignored).

We hold an action brought under RCW 4.12.020 must be commenced only in those counties specified in the statute. Once the action is commenced, however, a change of venue may be sought under RCW 4.12.030. Since plaintiffs brought their action in Jefferson County rather than Island County, the Jefferson County Superior Court had no jurisdiction. The Court of Appeals is reversed; for want of jurisdiction the action is dismissed.

BRACHTENBACH, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and CUNNINGHAM and HAMILTON, JJ. Pro Tem., concur.

Reconsideration denied June 27, 1988.