[No. 11231–1–II.   Division Two.   January 4, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. SHANNON DENISE COOLEY, *Petitioner.*

*Terry Robinson,* for petitioner (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Kathleen Proctor, Deputy,* for respondent.

PETRICH, J.—This court accepted discretionary review of a Thurston County juvenile defendant's challenge to the jurisdiction and venue of the Pierce County Juvenile Court for an offense allegedly committed in Pierce County. The basis of the claim is that the Pierce County authorities neglected to precede the filing of the information with a "request" as required by RCW 13.40.060. We affirm.

On January 15, 1987, the juvenile defendant was charged with one count of taking a motor vehicle without permission in violation of RCW 9A.56.070(1). The alleged offense was committed in Pierce County and the information was filed in the Pierce County Juvenile Court. The juvenile

resided in Thurston County when the information was filed and continued to reside there on the date of arraignment. At the arraignment, counsel for the juvenile moved for dismissal of the action, claiming lack of jurisdiction and improper venue under RCW 13.40.060. The motion was denied.

The issues presented by this appeal arise out of the following portion of RCW 13.40.060:[1]

> Proceedings under this chapter shall be commenced in the county where the juvenile resides. However, proceedings may be commenced in the county where an element of the alleged criminal offense occurred if so requested by the juvenile or by the prosecuting attorney of the county where the incident occurred.

RCW 13.40.060(1).

██ ██ The first issue is whether this statute regulates venue rather than jurisdiction. We are guided in our resolution of this issue by the principle of statutory construction that the intent of the Legislature must be determined

---

[1]RCW 13.40.060 in total provides as follows:

"(1) Proceedings under this chapter shall be commenced in the county where the juvenile resides. However, proceedings may be commenced in the county where an element of the alleged criminal offense occurred if so requested by the juvenile or by the prosecuting attorney of the county where the incident occurred.

"(2) If the hearing takes place in the county where an element of the alleged criminal offense occurred, the case and copies of all legal and social documents pertaining thereto may in the discretion of the court be transferred to the county where the juvenile resides for a disposition hearing. All costs and arrangements for care and transportation of the juvenile in custody shall be the responsibility of the receiving county as of the date of the transfer of the juvenile to such county, unless the counties otherwise agree.

"(3) If the adjudicatory and disposition hearings take place in a county in which an element of the alleged offense occurred, the case and copies of all legal and social documents pertaining thereto may in the discretion of the court be transferred to the county in which the juvenile resides for supervision and enforcement of the disposition order. The court of the receiving county has jurisdiction to modify and enforce the disposition order.

"(4) The court upon motion of any party or upon its own motion may, at any time, transfer a proceeding to another juvenile court when:

"(a) There is reason to believe that an impartial proceeding cannot be held in the county in which the proceeding was begun; or

"(b) It appears that venue is incorrect under this section."

primarily from the language of the statute itself. *Driscoll v. Bremerton*, 48 Wn.2d 95, 99, 291 P.2d 642 (1955). We see no indication in the language of this statute that the Legislature intended it to govern jurisdiction of juvenile offense proceedings. To the contrary, subsection (4) provides, *inter alia,* for a transfer of proceedings to another juvenile court when *"venue is incorrect under this section."* (Italics ours.) RCW 13.40.060(4)(b). Based on the clear language of the statute, we conclude that the Legislature intended RCW 13.40.060 to govern venue rather than jurisdiction.

█ Although RCW 13.40.060 is entitled "Jurisdiction of proceedings", this is the label devised by the Code Reviser, not the Legislature. Although the Code Reviser may add captions to sections of legislative enactments, RCW 1.08-.015(2)(l), such captions cannot change the meaning of the enactments, RCW 1.08.015(2).

The next question is whether, pursuant to the requirements of RCW 13.40.060(1), the prosecuting attorney's request that proceedings against a nonresident juvenile defendant be commenced in the county where the offense or one of its elements occurs, rather than the juvenile's county of residence, is satisfied by the filing of an information in that county by the prosecuting attorney. We conclude that it does.

█ The prosecutor is charged with the authority to screen all complaints alleging criminal conduct of a juvenile and to decide whether or not an information should be filed. RCW 13.40.070(3). Filing of the information invokes juvenile court jurisdiction over the juvenile offense proceeding. JuCR 7.1.

We can think of no clearer method of requesting that juvenile court jurisdiction be invoked than by a direct filing of the information. The statute does not require that the request, however expressed, must be approved by the court or by any other authority. A request is all that is required. The filing of the information constitutes a request. If circumstances justify a change of venue once proceedings have commenced by a proper method, that matter should be

presented to the juvenile court for its discretionary ruling. The juvenile court's denial of the motion to dismiss for lack of jurisdiction and improper venue is affirmed.

ALEXANDER, C.J., and REED, J., concur.