[No. 58784-1.   En Banc.   July 16, 1992.]

WILLIAM F. COSSEL, *Appellant*, v. SKAGIT COUNTY,
*Respondent.*

*Anderson & Rode,* by *Alfred G. Rode,* for appellant.

*Michael E. Rickert, Prosecuting Attorney,* and *John R. Moffat, Chief Civil Deputy,* for respondent.

*Arthur D. Curtis, Prosecuting Attorney for Clark County,* and *Christopher Horne, Deputy,* amicus curiae for respondent.

DURHAM, J. — On January 1, 1988, appellant William F. Cossel was injured in a single-car automobile accident which occurred on a Skagit County road. Subsequently, Cossel filed a complaint against Skagit County (the County) in Snohomish County Superior Court. The complaint alleged that the accident was caused by the County's negligent design, construction, or maintenance of the road. In response to this suit, the County filed a motion to dismiss based on RCW 4.12.020(3) which, it claims, requires suits arising from motor vehicle accidents to be tried either in the county where the defendant lives or in the county where the accident occurred. Cossel claims that his action is warranted under RCW 36.01.050, which states that all actions against a county may be tried in the adjacent county. On April 10, 1991, Judge Robert C. Bibb granted the County's motion to dismiss the case for lack of subject matter jurisdiction. Cossel filed a notice of appeal, and the County filed a motion to transfer the appeal to this court pursuant to RAP 4.3, which the commissioner granted.

The issue we are asked to resolve is the interaction between these two statutes. RCW 4.12.020 states:

Actions for the following causes *shall be tried* in the county where the cause, or some part thereof, arose:

. . . .

(3) For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

(Italics ours.) In *Aydelotte v. Audette*, 110 Wn.2d 249, 750 P.2d 1276 (1988), this statute was found to be jurisdictional in nature: "We hold an action brought under RCW 4.12.020 must be commenced only in those counties specified in the statute." *Aydelotte*, at 253.

■ The second statute relevant to the current action is RCW 36.01.050. It states:

All actions against any county *may be commenced* in the superior court of such county, or of the adjoining county, and all actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in the county adjoining the county by which such action is commenced.

(Italics ours.) This court has never decided whether RCW 36.01.050 is exclusively venue oriented, or if it also has some jurisdictional aspects.[1] Moreover, we have never considered the nature of the interaction between RCW 36.01-.050 and RCW 4.12.020.

■■ To resolve any incongruities between these two statutes, it is first necessary to determine whether RCW 36.01-.050 is a jurisdiction or venue statute. Wherever possible, the meaning of a statute is to be derived from its plain language. *State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991). RCW 36.01.050 provides that a suit "may be commenced" in the adjacent county. The word commence means "[t]o initiate by performing the first act . . . [t]o institute or start." Black's Law Dictionary 243 (5th ed. 1979). Clearly, this is jurisdictional language. The Legislature would not give plaintiffs the right to "commence" suit in a particular county without

---

[1] *Respondents point to the caption of* RCW 36.01.050, "Venue of actions by or against counties", *to support interpreting this as a venue statute. However, headings are generated by the code reviser, and do not change the meaning of the law unless specifically adopted by the Legislature.* State v. Cooley, *53 Wn. App. 163, 166, 765 P.2d 1327 (1989).*

also giving that county's superior court jurisdiction over the matter.

■ Nonetheless, the County argues that the language in RCW 4.12.020, "shall be tried", controls over the permissive language in RCW 36.01.050. However, the County's argument creates a conflict where one need not exist, and takes all meaning out of the RCW 36.01.050 language. "[N]o part of a statute should be deemed inoperative or superfluous unless it is the result of obvious . . . error." *Klein v. Pyrodyne Corp.*, 117 Wn.2d 1, 13, 810 P.2d 917, 817 P.2d 1359 (1991). The better approach is to give effect to the "may be commenced" language in RCW 36.01.050 and read the two statutes as complementary. *See Bruneau v. Grant Cy.*, 58 Wn. App. 233, 792 P.2d 174 (1990); *Rabanco, Ltd. v. Weitzel*, 53 Wn. App. 540, 541, 768 P.2d 523 (1989). *But see Roy v. Everett*, 48 Wn. App. 369, 372, 738 P.2d 1090 (1987) (RCW 4.12.020 gives officers and city right to be sued in Snohomish County, while RCW 36.01.050 does not require Roy to commence the action in King County).

■ Read together, under these two statutes a plaintiff is given the option of commencing an action against a county in either the adjacent county, the situs county, or a county where one of the defendants resides. As the Court of Appeals explained in *Johanson v. Centralia*, 60 Wn. App. 748, 807 P.2d 376 (1991), the jurisdiction established under RCW 36.01.050 is complementary to that recognized in RCW 4.12-.020:

> Each statute deals with a different aspect of the same subject matter, venue of a lawsuit. RCW 4.12.020 deals with a specific kind of action, a motor vehicle accident, whereas RCW 36.01-.050 deals with a specific kind of defendant, a county. RCW 4.12.020, arguably a more specific statute, might control if the two statutes are in conflict. *General Tel. Co. of the Northwest, Inc. v. Utilities & Transp. Comm'n*, 104 Wn.2d 460, 464, 706 P.2d 625 (1985). Our duty is to resolve a conflict if there is one. *In re King*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988). We conclude that what superficially appears to be a conflict is really not.
>
> We believe the two statutes are complementary.

*Johanson*, at 750. Only by finding complementary jurisdiction is it possible to "read the two statutes so as to give each

effect and to harmonize each with the other." *Draper Mach. Works, Inc. v. Department of Natural Resources*, 117 Wn.2d 306, 313, 815 P.2d 770 (1991).

■ This interpretation is consistent with the purposes behind RCW 36.01.050:

> The policy . . . is apparently to provide plaintiffs with alternative forums without the need to demonstrate bias or impartiality in any other forum. The statute affords a degree of protection to plaintiffs suing counties without unduly burdening the county officials who must respond to the charges.

*Briedablik, Big Vly., Lofall, Edgewater, Surfrest, North End Comm'ty Ass'n v. Kitsap Cy.*, 33 Wn. App. 108, 118, 652 P.2d 383 (1982), *overruled on other grounds in Save Our Rural Env't v. Snohomish Cy.*, 99 Wn.2d 363, 367, 662 P.2d 816 (1983). Clearly, these purposes are thwarted if a plaintiff is first required to bring suit in the county being sued and then seek a change of venue to an adjacent county.

The trial court's dismissal of Cossel's action is reversed and remanded for further proceedings.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, GUY, and JOHNSON, JJ., concur.