[No. 19183-4-III.   Division Three.   January 25, 2001.]

DEBORAH GOGGIEL, *Appellant*, v. OKANOGAN COUNTY MENTAL HEALTH AGENCY, ET AL., *Respondents*.

486

*Michael A. Arch* (of *Foreman & Arch*), for appellant.

*Rocco N. Treppiedi* (of *Perkins Coie, L.L.P.*), for respondents.

KATO, J. — Deborah Goggiel sued Okanogan County Mental Health (OCMH) for damages resulting from a sexual relationship with her counselor there. The court dismissed her complaint for lack of subject matter jurisdiction. We affirm.

In March 1990, Ms. Goggiel began therapy with William Massey, a counselor at OCMH. In June 1992, she and Mr.

Massey began a sexual relationship that continued until November 1996.

On October 5, 1999, Ms. Goggiel filed a complaint against OCMH, Okanogan County, and Mr. Massey in Chelan County.[1] She sought damages for negligent infliction of emotional distress, outrage, and negligence.

Arguing that only Okanogan, Ferry, or Douglas County had subject matter jurisdiction under RCW 36.01.050, OCMH and the County moved to dismiss the Chelan County complaint for lack of jurisdiction. Ms. Goggiel opposed the motion to dismiss on the ground that RCW 36.01.050 was not a jurisdiction statute and the proper course of action was to change venue to Douglas County.

The court determined that RCW 36.01.050 was indeed jurisdictional and Chelan County was not the proper forum. It therefore dismissed the action without prejudice. This appeal follows.

■ Ms. Goggiel claims the trial court erred by dismissing her complaint for lack of subject matter jurisdiction. Whether a particular court has jurisdiction is a question of law reviewed de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999).

■ ■ A court is authorized to hear and determine a cause or proceeding only if it has jurisdiction over the parties and the subject matter. *State v. Werner*, 129 Wn.2d 485, 493, 918 P.2d 916 (1996). A court lacking jurisdiction may do nothing more than enter an order of dismissal. *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974).

■ The issue is whether RCW 36.01.050 is jurisdictional. That statute provides:

(1) All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts. All actions by any county shall be commenced in the superior court of the county in which

[1] On January 27, 2000, Ms. Goggiel filed an identical complaint in Douglas County.

the defendant resides, or in either of the two judicial districts nearest to the county bringing the action.

(2) The determination of the nearest judicial districts is measured by the travel time between county seats using major surface routes, as determined by the office of the administrator for the courts.

Our Supreme Court interpreted this statute in *Cossel v. Skagit County*, 119 Wn.2d 434, 834 P.2d 609 (1992). In *Cossel*, the court had to consider whether RCW 36.01.050 was exclusively venue oriented or if it also had some jurisdictional aspects. The issue was the nature of the interaction between RCW 36.01.050 and RCW 4.12.020. To resolve this question, the court noted that it first had to decide whether RCW 36.01.050 was a jurisdiction or venue statute. *Cossel*, 119 Wn.2d at 436. After considering the language of RCW 36.01.050 providing that a suit "may be commenced" in the adjacent county, the court held the statute was jurisdictional:

> Clearly, this is jurisdictional language. The Legislature would not give plaintiffs the right to "commence" suit in a particular county without also giving that county's superior court jurisdiction over the matter.

*Cossel*, 119 Wn.2d at 436-37.

Ms. Goggiel sued Okanogan County. Pursuant to RCW 36.01.050(2), the Office of the Administrator for the Courts (OAC) has determined that any action against Okanogan County must be brought in Okanogan, Ferry, or Douglas County. But Ms. Goggiel filed this action in Chelan County instead. She failed to follow the requirements of RCW 36.01.050.

Ms. Goggiel also sued Mr. Massey and OCMH. RCW 4.12.025(1) generally specifies where actions should be brought:

> (1) An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this section, the residence of a corporation defendant shall be deemed to be

in any county where the corporation: (a) Transacts business; (b) has an office for the transaction of business; (c) transacted business at the time the cause of action arose; or (d) where any person resides upon whom process may be served upon the corporation.

Like *Cossel*, this court must determine how two complementary jurisdictional statutes should interact. RCW 36.01.050 provides where an action against a specific defendant, i.e., a county, should be brought. RCW 4.12.025 provides where an action may be brought generally. Under the theory of complementary jurisdiction, Ms. Goggiel should have brought her complaint in Okanogan County, one of the two adjoining counties as designated by OAC, or the county where any of the defendants resided. *See Cossel*, 119 Wn.2d at 437. Because all the defendants resided or did business in Okanogan County, Ms. Goggiel should have brought her action in either Okanogan, Ferry, or Douglas County. Rather, she filed in Chelan County, which did not have subject matter jurisdiction.

Ms. Goggiel claims that the court erred by dismissing her complaint and not granting her motion to change venue to Douglas County. Because RCW 36.01.050 is jurisdictional, however, the Chelan County court could only dismiss the complaint. *Deschenes*, 83 Wn.2d at 716.

Affirmed.

KURTZ, C.J., and SWEENEY, J., concur.