[No. 47088-4-I. Division One. September 10, 2001.]

CATHLEEN L. SHOOP, ET AL., *Appellants*, v. KITTITAS COUNTY, ET AL., *Respondents*.

Carl A. Taylor Lopez (of Lopez & Fantel, Inc., P.S.), for appellants.

C. William Bailey and Gretchen G. Salazar (of Mills Meyers Swartling), for respondents.

BECKER, J. — The Legislature has recently manifested its intent that RCW 36.01.050 should be construed as a venue statute. Therefore, when a plaintiff commences suit against a county in the superior court of a county not designated in RCW 36.01.050, the suit need not be dismissed for want of subject matter jurisdiction. We reverse the order of dismissal and remand for transfer to a proper county under the change of venue statute.

The statute at issue, RCW 36.01.050, was first adopted in 1963. Until 1997, it provided that an action against a county could be commenced in an adjoining county: "All actions against any county may be commenced in the superior court of such county, or of the adjoining county, and all actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in the county adjoining the county by which such action is commenced." LAWS OF 1963, ch. 4.

The Legislature amended the statute in 1997 by the enactment of Senate Bill 5831, effective July 27, 1997. The amended version did not allow commencement of the action in an adjoining county unless it was one of the two "nearest" counties as measured by the administrator for the courts:

(1) All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest counties. All actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in either of the two counties nearest to the county bringing the action.

(2) The determination of the nearest counties is measured by the travel time between county seats using major surface routes, as determined by the office of the administrator for the courts.[1]

Appellant Cathleen Shoop was seriously injured in November 1996 in a one-car accident on the icy Cle Elum River bridge, located in Kittitas County. In 1999, she sued Kittitas County in King County. This was a mistake. King County adjoins Kittitas County, but it is not one of the two "nearest" counties. As determined by the administrator for the courts, the two nearest counties were Yakima County and Grant County.[2]

Kittitas County moved to dismiss on the basis that the superior court of King County lacked subject matter jurisdiction. When a court lacks subject matter jurisdiction in a case, dismissal is the only permissible action the court may take. *Inland Foundry Co. v. Spokane County Air Pollution Control Auth.*, 98 Wn. App. 121, 123-24, 989 P.2d 102 (1999); *KSLW v. City of Renton*, 47 Wn. App. 587, 595, 736 P.2d 664 (1986). Dismissal would have the effect of terminating Shoop's claim against Kittitas County because the statute of limitations had run and would bar a newly-filed action. Shoop responded with a motion to transfer venue to Yakima County, which, if granted, would allow her case to proceed within the statute of limitations. *See* RCW

[1] Former RCW 36.01.050 (Supp. 1997). *See* LAWS OF 1997, ch. 401. The statute was amended again in 2000. The present statute replaces the term "county" with "judicial district" in three places. This amendment was effective June 8, 2000, after the entry of the order of dismissal in this case.

[2] Under the present statute, the two nearest judicial districts are also Grant County and Yakima County. This filing venue information can be found on the Washington State Courts website, *www.courts.wa.gov*, by looking under Appellate and Trial Courts and then under the heading "Help in Locating the Courts."

4.12.030(1).[3] The King County Superior Court concluded, however, that because King County was not a proper county for commencement of the action, the King County court lacked subject matter jurisdiction. The court granted the motion to dismiss. Shoop appeals, seeking to have her case reinstated subject to her motion to transfer venue to Yakima County.

For the proposition that King County lacked subject matter jurisdiction, respondent Kittitas County relies on *Aydelotte v. Audette*, 110 Wn.2d 249, 750 P.2d 1276 (1988), and *Cossel v. Skagit County*, 119 Wn.2d 434, 834 P.2d 609 (1992). The action in *Aydelotte* was against a public officer. Under RCW 4.12.020(2), suits against public officers must be tried "in the county where the cause, or some part thereof, arose." The parties tried the case in the wrong county. The court entered judgment on the verdict, and the losing party appealed. The Supreme Court, after reviewing precedent, concluded the judgment had to be vacated and the action dismissed because the court lacked subject matter jurisdiction. The court stated, however, "If our construction of the statute is in error, this may, of course, be rectified by the Legislature." *Aydelotte*, 110 Wn.2d at 252.

In *Cossel*, the action was against a county for the recovery of damages arising from a motor vehicle accident. The plaintiff commenced suit in an adjacent county. That was a correct choice under former RCW 36.01.050, but it was an incorrect choice under RCW 4.12.020(3).[4] The defendant county, relying on *Aydelotte*, obtained an order of dismissal.

---

[3] RCW 4.12.030(1) provides:

The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

(1) That the county designated in the complaint is not the proper county[.]

[4] RCW 4.12.020(3) states:

For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

On appeal, the County took the position that RCW 4.12.020(3) established the court's "jurisdiction," while former RCW 36.01.050 was only a venue statute. To show that RCW 36.01.050 was only a venue statute, the County pointed to its caption in the Revised Code of Washington: "Venue of actions by or against counties." The Supreme Court rejected this argument because "headings are generated by the code reviser, and do not change the meaning of the law unless specifically adopted by the Legislature." *Cossel*, 119 Wn.2d at 436 n.1. The court concluded that both statutes were jurisdictional and complementary. Because a superior court did not lack subject matter jurisdiction in a case commenced in compliance with RCW 36.01.050, the order of dismissal was reversed.

The Legislature enacted the present version of RCW 36.01.050 after *Aydelotte* and *Cossel*. Significantly, the legislative title of Senate Bill 5831 was "AN ACT Relating to venue of actions by or against counties." Laws of 1997, ch. 401. Shoop argues that the Legislature, by expressing its intent that RCW 36.01.050 be construed as a venue statute, has now "rectified" the jurisdictional construction the Supreme Court imposed on the former version of the statute in *Cossel*.

 We agree. In contrast to captions generated by the code reviser, the title is a part of the legislative act. The title of a legislative act is a source of legislative intent. *Covell v. City of Seattle*, 127 Wn.2d 874, 887-88, 905 P.2d 324 (1995). It is clear that *Aydelotte* and *Cossel* are exercises in determining legislative intent, and both opinions allow that the Legislature can, by amendment, manifest a different intent than the courts imputed to the original statute. The title of the 1997 amendment to RCW 36.01.050 manifests the Legislature's intent that the act relates to venue. As the Supreme Court held long ago in *State ex rel. McWhorter v. Superior Court*, 112 Wash. 574, 577, 192 P. 903 (1920), the reasons for requiring actions to be brought or tried in specific counties are important to the Legislature and not to the courts. When the Legislature manifests its intent that a

statute relates to venue, there is no reason for a court to insist that it actually relates to subject matter jurisdiction. On this basis, we reverse the order dismissing Shoop's action. We remand to allow transfer of venue.[5]

Shoop also argues that the order of dismissal should be reversed for a different and more fundamental reason: namely, that the superior court's subject matter jurisdiction is constitutional in origin, and does not depend upon statutes. But that argument is inconsistent with *Aydelotte* and *Cossel*. These Supreme Court decisions, directly on point, hold that the superior court's subject matter jurisdiction depends upon the provisions of what are commonly thought of as venue statutes. On facts virtually identical to the facts of this case, this court has followed *Cossel* to affirm the dismissal of a personal injury action commenced in the wrong county. *Goggiel v. Okanogan County Mental Health Agency*, 104 Wn. App. 485, 487, 17 P.3d 1 (2001). The only difference is that, in *Goggiel*, the appellant did not raise the issue of legislative intent as expressed in the title of the bill amending RCW 36.01.050.

Although precedent compels this court to reject Shoop's second argument, we do not find it to be lacking in merit. The line of cases represented by *Aydelotte, Cossel*, and *Goggiel* is difficult to reconcile with a different line of cases indicating that the subject matter jurisdiction of the superior court remains constant, is not dependent on statutory provisions, and does not vary from county to county.

Subject matter jurisdiction is a tribunal's authority to adjudicate the type of controversy involved in the action. "We italicize the phrase 'type of controversy' to emphasize its importance." *Marley v. Dep't of Labor & Indus.*, 125

---

[5] At oral argument Kittitas County maintained that even if the Legislature has manifested an intent to make RCW 36.01.050 a venue statute, it has not expressed that intent with respect to RCW 4.12.020(3), and under *Aydelotte v. Audette*, 110 Wn.2d 249, RCW 4.12.020(3) remains jurisdictional. According to the County, King County Superior Court does not have subject matter jurisdiction in Shoop's action—an action for recovery of damages arising from a motor vehicle accident—because King County is not a proper county under RCW 4.12.020(3). We reject this argument as inconsistent with the result in *Cossel v. Skagit County*, 119 Wn.2d 434.

Wn.2d 533, 539, 886 P.2d 189 (1994). *See also In re Pers. Restraint of Fleming*, 129 Wn.2d 529, 533, 919 P.2d 66 (1996). The Supreme Court explained in *Marley* that improvident and inconsistent use of the term "subject matter jurisdiction" has caused it to be confused with a court's authority to rule in a particular manner. *Marley*, 125 Wn.2d at 539. *See also State v. Franks*, 105 Wn. App. 950, 954-57, 22 P.3d 269 (2001). "'If the phrase is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error.'" *Marley*, 125 Wn.2d at 539 (quoting *In re Marriage of Major*, 71 Wn. App. 531, 535, 859 P.2d 1262 (1993)).

The Supreme Court had no occasion to address the venue statutes in *Marley*, but it is impossible to read *Marley* without concluding that it has undermined the value of *Aydelotte* and *Cossel* as precedents. In focusing on the phrase "type of controversy," the *Marley* court quoted favorably from a law review article by Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 B.Y.U. L. REV. 1. The article discusses the persistently thorny analytical problem presented by the interface between subject matter jurisdiction and venue:

> While superficially it may appear that when a statute requires that a particular kind of action must be brought in a particular locale, it means that the courts in all other locales do not have subject matter jurisdiction over that type of action, a closer analysis shows the contrary. If a statute specifies the county in which the estate of a decedent is to be probated, but there is a court in each county with probate jurisdiction, the statute is not a limit on the subject matter jurisdiction of the probate court in each county. It is merely a direction as to the proper venue for a particular probate proceeding. To justify treating the venue provision as one of subject matter jurisdiction, the statute must be interpreted to mean that the only type of proceeding over which the probate court of a particular county had subject matter jurisdiction was that involving persons who were residents of the county. This is not, however, what "type of controversy" means in the accepted definition of subject matter

jurisdiction. "Type" means the general type without regard to the facts of the particular case. Unless this is so, all venue provisions would become subject matter jurisdiction limitations.

*Martineau* at 26-27. Martineau's analysis suggests that every superior court in Washington has the same subject matter jurisdiction in any action for damages, regardless of who is named as a defendant. *Aydelotte* compels a different view: in Shoop's action for damages against Kittitas County, only the superior courts in Yakima, Grant, and Kittitas Counties have subject matter jurisdiction; all the rest of the superior courts do not.

The concept that subject matter jurisdiction of the superior court varies from county to county is at odds with the concept of the superior court as a single bench whose subject matter jurisdiction "flows from constitutional mandate." *See State v. Werner*, 129 Wn.2d 485, 492, 918 P.2d 916 (1996). The constitutional article defining the types of controversy the superior court may adjudicate does not make any distinctions between one county and another:

> The superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to three thousand dollars or as otherwise determined by law, or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; of actions of forcible entry and detainer; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate, of divorce, and for annulment of marriage; and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; and said court shall have the power of naturalization and to issue papers therefore. They shall have such appellate jurisdiction in cases

arising in justices' and other inferior courts in their respective counties as may be prescribed by law. They shall always be open, except on nonjudicial days, and their process shall extend to all parts of the state. Said courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties. Injunctions and writs of prohibition and of habeas corpus may be issued and served on legal holidays and nonjudicial days.

WASH. CONST. art. IV, § 6.

The constitution does not authorize the Legislature to prescribe or diminish the jurisdiction of the superior court. *Seattle v. Hesler*, 98 Wn.2d 73, 77, 653 P.2d 631 (1982). The Legislature does have constitutional authority to prescribe by law the jurisdiction of justices of the peace and other inferior courts that may be established, but only so long as the jurisdiction thereby granted does not "trench upon" the jurisdiction of superior courts or other courts of record. WASH. CONST. art. IV, §§ 10, 12. By creating a trial court with subject matter jurisdiction that cannot be whittled away by statutes, the constitution provides the foundation for an independent and coequal judicial branch of state government.

In contrast to the subject matter jurisdiction of the superior court, venue is an appropriate subject for legislation. Venue rules serve to limit a plaintiff's choice of forum to ensure that the locality of a lawsuit has some logical relationship to the litigants or the subject matter of the dispute. JACK H. FRIEDENTHAL, MARY KAY KANE & ARTHUR R. MILLER, CIVIL PROCEDURE § 2.2 (3d ed. 1999). The Legislature provides that certain actions "shall" or "may" be "commenced" or "tried" in a certain county or counties, depending on where property is located, where the defendant resides, the nature of the action, or various other factors. *See generally* ch. 4.12 RCW. The reasons for such rules are "important to the Legislature and not to the courts." *McWhorter*, 112 Wash. at 577. From the viewpoint of the courts, as the Supreme Court once stated, "review of an

order relating to venue is frequently a delaying tactic" and "except in rare instances, the mills of justice grind with equal fineness in every county of the state." *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 764-65, 380 P.2d 744 (1963) (footnote omitted). But the Court recognizes and heeds its obligation to give effect to the Legislature's directives concerning venue, and thus the Supreme Court in *Russell* accepted interlocutory review of an allegedly incorrect venue ruling.

*Aydelotte* appears to be based on the unstated premise that statutes can limit the scope of the superior court's subject matter jurisdiction. The defendants in *Aydelotte* unsuccessfully objected below to the venue chosen by the plaintiffs, but did not seek interlocutory review. The Supreme Court could have held that failure to seek interlocutory review was a waiver of the objection. Instead the Court reversed a judgment entered by a superior court in the "wrong" county after a full trial, and dismissed the case "for want of jurisdiction." *Aydelotte*, 110 Wn.2d at 253.

*Marley* warns against the imprecise and casual use of the term "jurisdiction" for the very reason that it leads to results like the one in *Aydelotte*. The *Marley* court followed the *Restatement of Judgments* in explaining why courts need to be exceedingly cautious about classifying an error of law as "jurisdictional." To do so transforms the error into one that may be raised for the first time on appeal:

> "The classification of a matter as one of jurisdiction is thus a pathway of escape from the rigors of the rules of res judicata. By the same token it opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment."

*Marley*, 125 Wn.2d at 541 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 12 cmt. b (1982).

As *Aydelotte* shows, classifying venue choices as jurisdictional raises the concerns identified in the *Restatement of Judgments*. If a superior court is without subject matter jurisdiction when it allows a case to proceed in violation of

the venue statutes, a judgment entered by a court in a "wrong" county is subject to vacation at any time, even years after the judgment is entered. CR 60(b)(5). This is so because no objection is necessary to preserve an objection to lack of subject matter jurisdiction, RAP 2.5(a), and a judgment entered without subject matter jurisdiction is void. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649-50, 740 P.2d 843 (1987). Such a judgment must be vacated even if the party actively participated in the lawsuit, because lack of subject matter jurisdiction is not subject to waiver. *Skagit Surveyors & Eng'rs, L.L.C. v. Friends of Skagit County*, 135 Wn.2d 542, 556, 958 P.2d 962 (1998). Even a party who stipulates to venue in a "wrong" county can obtain a dismissal if dissatisfied with the outcome of the trial, because subject matter jurisdiction cannot be stipulated. *Barnett v. Hicks*, 119 Wn.2d 151, 161, 829 P.2d 1087 (1992).

Some of the Supreme Court's older cases maintained a separation between venue and subject matter jurisdiction. *See, e.g., State ex rel. Nash v. Superior Court*, 82 Wash. 614, 144 P. 898 (1914) (enforcing a contractual stipulation to venue). In *State ex rel. Christensen v. Superior Court*, 108 Wash. 666, 185 P. 623 (1919), the Court held that all superior courts have subject matter jurisdiction of an action to foreclose a lien for the construction of a ship, regardless of the ship's location and notwithstanding a statute providing that such a suit must be brought in the county where the property was located. The Court explained, "We are not here concerned with the question of the acquiring of jurisdiction by a superior court by process or otherwise in a particular pending action, but are concerned with that jurisdiction which the court possesses over the subject-matter, speaking generally, and without reference to any particular pending action." *Christensen*, 108 Wash. at 669.

Other cases display a tendency to speak of improper venue and lack of subject matter jurisdiction as though they meant the same thing. In *McWhorter*, the plaintiff filed his action against a defendant in King County, where the

defendant did not reside. The question was whether the plaintiff could amend his complaint to clarify that the defendant was a public officer, making King County the only correct venue. The Supreme Court approved the amendment. Although the court repeatedly referred to the pertinent statutes as "fixing the venue," the opinion concluded with the comment that the case "would have to be dismissed for want of jurisdiction" if it were tried in some county other than King, and facts were presented showing that the action was against a public officer. *McWhorter*, 112 Wash. at 577 (citing *McLeod v. Ellis*, 2 Wash. 117, 121, 26 P. 76 (1891)).

The court followed *McWhorter's* reference to "want of jurisdiction" in *Cugini v. Apex Mercury Mining Co.*, 24 Wn.2d 401, 409, 165 P.2d 82 (1946). The plaintiff commenced suit in Lewis County to quiet title to a tract of timber situated there. The court granted a defense motion to change venue to Pierce County for the convenience of witnesses. At the end of the plaintiffs' case, the trial court in Pierce County nonsuited the plaintiffs. The plaintiffs appealed and raised the argument that the Pierce County court was without jurisdiction because the action related to local real estate. The court reviewed a number of its prior decisions, and resolved their inconsistency by declaring the provisions of the venue statute to be "jurisdictional" in nature. The judgment by the Pierce County court was nevertheless affirmed on the basis that an action, once commenced in a proper county, may be transferred for reasons of convenience to a county not designated by statute as a proper county. The court to which the transfer is made "has complete jurisdiction to determine the issues in the case." *Cugini*, 24 Wn.2d at 409. The court attempted to reconcile its analysis with *Christensen* by explaining that the holding in *Christensen* "was made because of the defendant's appearance and participation in the trial without any objection to the venue." *Cugini*, 24 Wn.2d at 406. But this explanation does not truly reconcile the two cases. Participating in a trial and failing to object do not preclude

a party from obtaining vacation of a judgment if it was rendered by a court lacking subject matter jurisdiction.

The results in *McWhorter* and *Cugini* would have been the same if the court had followed the rationale of *Christensen*. By that rationale, the Supreme Court also reached the correct result in *Isho v. Angland*, 65 Wn.2d 375, 397 P.2d 422 (1964), when it resolved a dispute as to where an action involving a motor vehicle accident should have been commenced. The plaintiff filed suit in King County, a venue unauthorized by statute. The Supreme Court ordered venue changed to the county of the defendant's residence, but did not order dismissal for want of jurisdiction, as it should have done if the King County Superior Court's subject matter jurisdiction depended on the plaintiff's compliance with the venue statute.

Nevertheless, in *Aydelotte*, the Supreme Court abandoned the result reached in *Isho*, explaining that the "jurisdictional" issue in that case either was not brought to the court's attention or was ignored. *Aydelotte*, 110 Wn.2d at 253. The court found that its prior precedents dictated the conclusion that RCW 4.12.020 related to jurisdiction, not venue. The court was then compelled to decide, in *Cossel*, that RCW 36.01.050 also had jurisdictional "aspects."

*Cossel* goes a step farther than *Aydelotte*, finding reason to conclude that RCW 36.01.050 is jurisdictional because the statute uses the words "may be commenced." The court stated, "Clearly, this is jurisdictional language." *Cossel*, 119 Wn.2d at 436.[6] This statement is problematic, because it suggests that any statute using similar language is a limitation on the superior court's subject matter jurisdiction. For example, in support of its argument that RCW 36.01.050 is jurisdictional, Kittitas County relies on a recent decision by this court enforcing the claim filing

---

[6] In referring to "jurisdiction established under RCW 36.01.050," the *Cossel* court cited *Johanson v. City of Centralia*, 60 Wn. App. 748, 807 P.2d 376 (1991). *Cossel*, 119 Wn.2d at 437. But *Johanson* does not use the term jurisdiction at all, instead stating that each statute "deals with a different aspect of the same subject matter, venue of a lawsuit." *Johanson*, 60 Wn. App. at 750.

statute. *Sievers v. Mountlake Terrace*, 97 Wn. App. 181, 983 P.2d 1127 (1999).[7] The claim filing statute provides, "No action *shall be commenced* against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof." RCW 4.96.020(4) (emphasis added). Kittitas County has apparently assumed that the claim filing statute is a source of jurisdiction because "shall be commenced" is "jurisdictional language." Based solely on *Cossel*, such an assumption is not unreasonable. If the claim filing statute is a source of jurisdiction, then failure to comply with it should lead to dismissal for want of jurisdiction. But the Supreme Court has held that a claimant's failure to properly file a claim is a defense that can be waived by failing to timely assert it. *Miotke v. Spokane*, 101 Wn.2d 307, 337, 678 P.2d 803 (1984). If it is a defense that can be waived, then failure to file a claim does *not* deprive the superior court of subject matter jurisdiction, notwithstanding the use of "jurisdictional language" in the claim filing statute.

Kittitas County argues that the State's sovereign immunity can be overcome only by a specific statutory grant of "jurisdiction." Claim filing statutes are mandatory and compliance with them is a condition precedent to recovery, because the State, in waiving its sovereign immunity, has the right to prescribe limitations on suits brought against it. *O'Donoghue v. State*, 66 Wn.2d 787, 789-90, 405 P.2d 258 (1965). But neither *O'Donoghue* nor other cases cited by the County support the proposition that the Legislature, in granting the right to sue, thereby made a grant of jurisdiction; the cases do not use the word "jurisdiction," and such

---

[7] *Sievers* makes no reference to "jurisdiction." The reason we affirmed dismissal of the suit in *Sievers* was that the plaintiff had failed to strictly comply with the claim filing statute, and as a result the statute of limitations expired before the suit was properly commenced. *Sievers*, 97 Wn. App. at 183. It is well established that the running of a statute of limitations does not affect the court's jurisdiction; it is simply an affirmative defense that can be waived. CR 8(c); *See also State v. Moen*, 129 Wn.2d 535, 545, 919 P.2d 69 (1996) (following *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 886 P.2d 189 (1994) and holding that imposition of restitution beyond the 60-day limitation period is not a jurisdictional defect.)

an analysis would be inconsistent with *Miotke*.

In summary, it is simpler to view the subject matter jurisdiction of the superior court as constant, uniform across the state, and centered in the constitution, than to assume subject matter jurisdiction varies from county to county and from year to year depending on how the legislature writes the venue statutes. " 'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.' " Martineau, *supra*, at 28, *cited in Marley*, 125 Wn.2d at 539.

The simpler model produces results that are more predictable, more consistent, and more practical. If all superior courts have the same general, constitutional subject matter jurisdiction over the same types of controversies, then the King County Superior Court would have the authority to adjudicate an action against Kittitas County for damages for personal injury arising out of a motor vehicle accident, even though King County is not the proper venue for such an action. Proceeding to adjudicate the case in King County would be error, but the error would go to something other than subject matter jurisdiction. Having subject matter jurisdiction in the case, the King County Superior Court necessarily also would have the authority to grant a motion to transfer venue to a proper county without dismissing the case.

Nevertheless, unless the Supreme Court modifies the holdings of *Aydelotte* and *Cossel*, this court must follow those precedents and assume that the Legislature may, by statute, cause the subject matter jurisdiction of each superior court to vary depending on which county is named as a defendant in any particular case. Although we reverse the order dismissing Shoop's case, we do so only on the basis that the Legislature has now manifested its intent that RCW 36.01.050 is an act relating to venue.

Reversed and remanded with directions to transfer venue, as allowed by RCW 4.12.030.

AGID, C.J., and COLEMAN, J., concur.

Review granted at 146 Wn.2d 1002 (2002).