[No. 71926-8.  En Banc.]
Argued September 19, 2002.  Decided April 3, 2003.

CATHLEEN L. SHOOP, ET AL., *Respondents*, v. KITTITAS COUNTY, ET AL., *Petitioners*.

30

*C. William Bailey* and *Gretchen G. Salazar* (of *Mills Meyers Swartling*), for petitioners.

*Carl A. Taylor Lopez* (of *Lopez & Fantel, Inc., P.S.*), for respondents.

SANDERS, J. — Former RCW 36.01.050 (1997), *amended by* Laws of 2000, ch. 244, § 1, requires actions against a county be commenced in the defendant county or one of the two nearest counties. This case arises because the plaintiff filed

her tort action in the wrong county shortly before the statute of limitations expired. The trial court concluded this was a jurisdictional requirement which could not be cured by a change of venue. We disagree, overruling *Cossel v. Skagit County*, 119 Wn.2d 434, 834 P.2d 609 (1992). We thus affirm the Court of Appeals.

## FACTS

Cathleen Shoop alleges she sustained serious personal injury when she lost control of her vehicle in November 1996 while driving on the Cle Elum River Bridge, located in Kittitas County. In 1999 she and her husband sued Kittitas County and several unnamed defendants in King County, alleging negligence in the design, maintenance, and inspection of the bridge. As determined by the administrator for the courts, King County adjoins Kittitas County, but it is not one of the two "nearest" counties. The two nearest counties are Yakima County and Grant County.

Kittitas County moved to dismiss claiming the superior court of King County lacked subject matter jurisdiction. Because the statute of limitations had by then run, dismissal would have terminated the action. Ms. Shoop responded with a motion to transfer venue to Yakima County, which, if granted, would allow her case to proceed within the statute of limitations. On May 19, 2000, the King County Superior Court granted Kittitas's motion to dismiss.

Ms. Shoop moved to reconsider, arguing that RCW 36.01.050 (1997), requiring an action against a county be commenced in the defendant county or one of the two adjacent counties as determined by the administrator for the courts, is a statute pertaining to venue, not subject matter jurisdiction. In the alternative, she argued permitting dismissals for lack of subject matter jurisdiction violates equal protection and constitutes an unconstitutional delegation of legislative authority to the administrator for the courts. The superior court denied the motion.

Ms. Shoop appealed, seeking to have the case reinstated subject to her motion to transfer venue to Yakima County. In its response Kittitas County argued the trial court should be affirmed because it lacked jurisdiction under both RCW 36.01.050 (1997) and former RCW 4.12.020 (1941), *amended by* Laws of 2001, ch. 45, § 2, which requires actions arising out of automobile accidents to be brought in the county in which the defendant resides or the county in which the accident occurred. Appellant's Br. at 5-9.

Finding the legislature had recently manifested its intent to construe RCW 36.01.050 (1997) as a venue statute, the Court of Appeals reversed and remanded with directions to transfer venue. *Shoop v. Kittitas County*, 108 Wn. App. 388, 30 P.3d 529 (2001). The Court of Appeals also rejected Kittitas County's alternative argument that it should affirm the dismissal on the ground that Ms. Shoop failed to comply with RCW 4.12.020(3) (1941) as inconsistent with the result in *Cossel*, 119 Wn.2d 434. *Shoop*, 108 Wn. App. at 393 n.5.

On petition of Kittitas County we granted discretionary review.

## STANDARD OF REVIEW

■■ Whether a particular court has jurisdiction is a question of law reviewed de novo. *Crosby v. Spokane County*, 137 Wn.2d 296, 301, 971 P.2d 32 (1999). Constitutional challenges are reviewed de novo. *Weden v. San Juan County*, 135 Wn.2d 678, 693, 958 P.2d 273 (1998).

## ANALYSIS

Prior to the 1997 amendment to the statute, former RCW 36.01.050 (1963) stated: "All actions against any county may be commenced in the superior court of such county, or of the adjoining county . . . ." This was the version of the statute in place when we decided *Cossel*, 119 Wn.2d 434. *Cossel* involved an action against Skagit County for the

recovery of damages arising from a single-car accident. *Id.* at 435. The plaintiff commenced suit in adjacent Snohomish County as authorized by RCW 36.01.050 (1963), but failed to comply with RCW 4.12.020(3) (1941), which required a plaintiff file an action arising out of a motor vehicle accident either in the county in which the accident occurred or where the defendant resides. *Id.* Relying on *Aydelotte v. Audette*, 110 Wn.2d 249, 750 P.2d 1276 (1988), which holds that the filing requirements of RCW 4.12.020 (1941) must be met before a court can obtain subject matter jurisdiction, the Snohomish County Superior Court dismissed the case for lack of subject matter jurisdiction. *Cossel*, 119 Wn.2d at 435-36.

On direct review we reversed, denying Skagit County's contention that only RCW 4.12.020(3) (1941) established the court's subject matter jurisdiction, while RCW 36.01-.050 (1963) related to choice of venue. *Cossel*, 119 Wn.2d at 436 n.1. To show that RCW 36.01.050 (1963) was only a venue statute, the county pointed to its caption in the Revised Code of Washington: " 'Venue of actions by or against counties.' " *Cossel*, 119 Wn.2d at 436 n.1. We rejected this argument because "headings are generated by the code reviser, and do not change the meaning of the law unless specifically adopted by the Legislature." *Id.*

Reading the plain language of the statute we held, "The word commence means '[t]o initiate by performing the first act . . . [t]o institute or start.' " "Clearly, this is jurisdictional language." *Id.* at 436 (quoting BLACK'S LAW DICTIONARY 243 (5th ed. 1979)). Concluding that both RCW 36.01.050 (1963) and RCW 4.12.020 (1941) are jurisdictional and complementary, we found that compliance with one statute sufficed to vest the Snohomish County Superior Court with subject matter jurisdiction. *Cossel*, 119 Wn.2d at 437.

The legislature amended RCW 36.01.050 in 1997 and 2000.[1] LAWS OF 1997, ch. 401, § 1; LAWS OF 2000, ch. 244, § 1. The 1997 statute was in effect when the King County

---

[1] The legislature amended RCW 36.01.050 effective June 8, 2000, replacing the term "counties" with "judicial districts" in three places. LAWS OF 2000, ch. 244, § 1.

Superior Court dismissed Ms. Shoop's case against Kittitas County. It provides in relevant part:

> (1) All actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest counties . . . .
>
> (2) The determination of the nearest counties is measured by the travel time between county seats using major surface routes, as determined by the office of the administrator for the courts.

RCW 36.01.050 (1997).

The statute authorized Ms. Shoop to commence her action against the county in Kittitas, Yakima, or Grant County.[2] When a court lacks subject matter jurisdiction, dismissal is the only permissible action the court may take. *Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). Thus, the King County Superior Court's decision to dismiss for lack of subject matter jurisdiction accords with *Cossel*.

On appeal, however, the Court of Appeals reversed, holding that *Cossel* no longer represents the law. *Shoop*, 108 Wn. App. at 392. The Court of Appeals observed we had not revisited *Cossel* since the 1997 amendments. *Id.* at 389. Relying solely on the legislative title of the 1997 senate bill to amend the statute, entitled, "AN ACT Relating to venue of actions by or against counties," the Court of Appeals held that the legislature, by so expressing its intent to treat RCW 36.01.050 (1997) as a venue statute, " 'rectified' the

---

This amendment was effective after the entry of the order of dismissal in this case. Clerk's Papers at 21-22.

[2] A properly commenced action endows the superior court with subject matter jurisdiction. *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 766, 380 P.2d 744 (1963). However, if that court transfers the action upon a motion of the parties pursuant to RCW 4.12.030 (1941) (grounds authorizing change of venue) to a court in a third county not designated by RCW 4.12.020 (1941), the transferee court obtains the same subject matter jurisdiction as the transferor court. *Id.*; *see also* RCW 4.12.090 (1941) (providing that the superior court of the county to which the action is transferred exercises "over the same the like jurisdiction as if it had been originally commenced therein"). Thus, the statute would have allowed the action to be tried in King County if Ms. Shoop had originally filed suit in one of the appropriate counties and was granted leave to transfer the action to King County.

jurisdictional construction the Supreme Court imposed [up]on the former version of the statute in *Cossel.*" *Shoop*, 108 Wn. App. at 392.

█ But we have repeatedly held:

> If a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself. A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable.

*Berger v. Sonneland*, 144 Wn.2d 91, 105, 26 P.3d 257 (2001) (footnotes omitted). *Cossel* did not find RCW 36.01.050 (1963) ambiguous, concluding that the intended effect of the statute was clear from the plain language of the statute:

> Wherever possible, the meaning of a statute is to be derived from its plain language. RCW 36.01.050 provides that a suit "may be commenced" in the adjacent county. The word commence means "[t]o initiate by performing the first act . . . [t]o institute or start." Clearly, this is jurisdictional language. The Legislature would not give plaintiffs the right to "commence" suit in a particular county without also giving that county's superior court jurisdiction over the matter.

*Cossel*, 119 Wn.2d at 436-37 (alterations in original) (citations omitted).

█ "It is inappropriate to look to the legislative history where the intent can clearly be divined from the plain language of the ordinance." *Eastlake Cmty. Council v. City of Seattle*, 64 Wn. App. 273, 279, 823 P.2d 1132 (1992). Unless the Court of Appeals found the 1997 amendments ambiguous, it had no authority to engage in statutory construction.

██ Moreover, the Court of Appeals read too much into the title of the senate bill, "AN ACT Relating to venue of actions by or against counties," because prior to the 1997 amendments the caption of the act was " 'Venue of actions by or against counties.' " *See Cossel*, 119 Wn.2d at 436 n.1. In fact, while the Court of Appeals' interpretation would have *increased* the available forums in which an action may

be commenced, the original bill passed by the Senate sought to *eliminate* the availability of adjacent counties altogether. S.B. REP. (S.B. 5831) (Wash. Mar. 19, 1997) (as passed).

The house bill report also undermines the Court of Appeals' interpretation because the house report cites *Cossel* with approval. H.B. REP. (S.B. 5831) (Wash. Apr. 10, 1997) (as passed). Had the legislature intended to rebut *Cossel*'s interpretation of RCW 36.01.050 (1963) as a jurisdictional statute, one would expect to find evidence of the legislature's dissatisfaction with the outcome of *Cossel*. Additionally, the asserted purpose of the amendment was to reduce costs to local governments associated with traveling to distant counties. H.B. REP. (S.B. 5831). Increasing the number of available forums would not further that purpose.

█ Nevertheless we affirm the Court of Appeals' decision on other grounds. In our companion case, *Young v. Clark*, 149 Wn.2d 130, 65 P.3d 1192 (2003), we considered whether our previous interpretation of RCW 4.12.020(3) (1941) restricting subject matter jurisdiction to courts in the county where the motor vehicle accident occurred or where the defendant resides violates article IV, section 6 of the Washington Constitution, which states in relevant part: "The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court . . . ." That provision precludes any subject matter restrictions as among superior courts.

█ Consistent with this conclusion, we hold our previous interpretation of RCW 36.01.050 (1963) as a jurisdictional statute is inconsistent with article IV, section 6 of the constitution. Therefore we overrule *Cossel*, 119 Wn.2d 434, and hold the filing requirements of RCW 36.01.050 relate only to venue, not to the trial court's subject matter jurisdiction.

█ Because both RCW 36.01.050 (1997) and RCW 4.12.020 (1941) are venue statutes, we need not consider Kittitas's alternative argument that Ms. Shoop failed to

comply with the jurisdictional requirements of RCW 4.12.020 (1941).

## CONCLUSION

The Court of Appeals is affirmed and the respondents shall recover their costs.

ALEXANDER, C.J., JOHNSON, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., and SMITH, J. PRO TEM., concur.

MADSEN, J., concurs in the result.