[No. 34711. *En Banc.* July 7, 1958.]

THE STATE OF WASHINGTON, *on the Relation of Gerry Lemon et al., Respondents, v. ARTHUR S. COFFIN et al., Appellants.*[1]

*The Attorney General, Stephen M. Reilly* and *John S. Robinson, Assistants,* for appellants.

*Smith Troy,* for respondents.

*Richard G. Jeffers* and *Ernest R. Whitmore, Jr., amici curiae.*

[1]Reported in 327 P. (2d) 741.

PER CURIAM.—Appellants, respondents below, appeal from a decree adjudicating them in contempt.

On the prior appeal in the cause *sub judice*, *State ex rel. Lemon v. Langlie*, 45 Wn. (2d) 82, 273 P. (2d) 464, August 3, 1954, we affirmed the mandate herein, which, omitting the formal or immaterial portions, is as follows:

"Now, THEREFORE, you, and each of you, are hereby commanded forthwith to return to and thereafter maintain at the capital city at Olympia the offices, together with the books and records, of the respective state agencies, boards, commissions and departments which you severally constitute; . . ."

■ Appellants attempt to reargue the reasons upon which we affirmed the mandate, but those matters are now foreclosed.

The judgment, however, must be modified by vacating the portion thereof respecting costs in which the court held that the relators were entitled to reimbursement for necessary expenses and disbursements either incurred or prospective, and reserved the right to take evidence on such matters and to determine what parties are liable. No amounts were fixed.

■ In any event, the state is not liable for costs. *Washington Recorder Publishing Co. v. Ernst*, 199 Wash. 176, 91 P. (2d) 718, 124 A. L. R. 667, 1 Wn. (2d) 545, 97 P. (2d) 116. The right to costs is purely statutory. *W. J. Lake & Co. v. King County*, 4 Wn. (2d) 651, 104 P. (2d) 599; *State ex rel. Macri v. Bremerton*, 8 Wn. (2d) 93, 111 P. (2d) 612; *State ex rel. Fosburgh v. Ronald*, 25 Wn. (2d) 276, 170 P. (2d) 865. The trial court, however, is not precluded from taxing statutory costs against parties respondent other than the state or its agency.

■ Upon this appeal, there is no justiciable issue as to how the contempt shall be purged. That is exclusively within the judicial discretion of the trial court.

As so modified, the judgment is affirmed.

[*En Banc.* December 10, 1958][2]

PER CURIAM.—We granted appellants' motion for clarification and have recalled the remittitur for the purpose of making unmistakably clear our decision respecting costs.

The final paragraph of the decree under review is vacated. It is:

"That the relators are entitled to reimbursement for necessary expenses and disbursements which have been paid or may hereafter be paid in the prosecution of this contempt proceeding, provided that after the final conclusion of this contempt proceeding the Court may hear evidence and fix the amount of such award and may further determine as to what person, persons, or public entity should be held liable for the same."

The authority for such an award is found in RCW 7.20.100, which is as follows:

"If any loss or injury to a party in an action, suit or proceeding prejudicial to his rights therein, have been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, may give judgment that the party aggrieved recover of the defendant a sum of money sufficient to indemnify him, and to satisfy his costs and disbursements, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury."

This statute was first enacted by the territorial legislature in 1869. Its purpose was to provide complete relief in the original action and to eliminate the necessity of a second suit to recover the expense caused by such contempt. It does not comprehend taxable costs but authorizes an indemnity to cover specific items of damage occasioned by the adversary's refusal to obey a prior judgment or decree in the same cause.

By the terms of RCW 4.84.030, the prevailing party is entitled as a matter of right to the items of costs as provided in RCW 4.84.080, which is as follows:

"When allowed to either party, costs to be called the attorney fee, shall be as follows:

"(1) In all actions settled before issue is joined, five dollars.

[2]Reported in 332 P. (2d) 1096.

"(2) In all actions where judgment is rendered without a jury, ten dollars.

"(3) In all actions where judgment is rendered after impaneling a jury, fifteen dollars.

"(4) In all actions removed to the supreme court and settled before argument, ten dollars.

"(5) In all actions where judgment is rendered in the supreme court, after argument, fifteen dollars."

and, in addition, to other specific items as provided in RCW 4.84.090, which is as follows:

"The prevailing party, in addition to allowance for costs, as provided in RCW 4.84.080, shall also be allowed for all necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the necessary expenses of taking depositions, by commission or otherwise, and the compensation of referees. The court shall allow the prevailing party all service of process charges in case such process was served by a person or persons not an officer or officers. Such service charge shall be the same as is now allowed or shall in the future be allowed as fee and mileage to an officer. The disbursements shall be stated in detail and verified by affidavit, and shall be served on the opposite party or his attorney, and filed with the clerk of the court, within ten days after the judgment: Provided, The clerk of the court shall keep a record of all witnesses in attendance upon any civil action, for whom fees are to be claimed, with the number of days in attendance and their mileage, and no fees or mileage for any witness shall be taxed in the cost bill unless they shall have reported their attendance at the close of each day's session to the clerk in attendance at such trial."

The items of costs mentioned in the last two quoted sections of the code are ordinarily detailed in the cost bill of the prevailing party and taxed by the clerk. If no cost bill is filed, then the clerk will tax costs for such items as appear in the record of the cause. Rule of the Superior Court 24, 34A Wn. (2d) 120.

A party aggrieved by the clerk's taxation of costs may have the same reviewed by the court. RCW 4.84.200.

Allowance of all other costs, including those allowable under RCW 7.20.100, is discretionary with the trial court pursuant to RCW 4.84.190, which is as follows:

. "In all actions and proceedings other than those mentioned in this chapter [and RCW 4.48.100], where no provision is made for the recovery of costs, they may be allowed or not, and if allowed may be apportioned between the parties, in the discretion of the court."

While under RCW 7.20.100 the superior court may allow an indemnity to cover the expense to which a party has been put for the willful refusal of the adversary to obey a lawful order, such allowance may only be made upon sufficient proof. Here there was none, but the matter was reserved for future determination. Piecemeal litigation is highly disfavored. The only costs to which respondents are entitled in the court below are those granted as of right pursuant to RCW 4.84.080 and RCW 4.84.090, and no others will be allowed.

HILL, C. J., concurs in the result.