[No. 59156-8-I.    Division One.    March 17, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. T.A.W., *Appellant*.

---

[11] *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

*Jennifer M. Winkler* (of *Nielsen, Broman & Koch, PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Deborah A. Dwyer, Deputy,* for respondent.

¶1 GROSSE, J. — A juvenile found to have violated the terms of a temporary civil antiharassment protection order issued under the authority of chapter 10.14 RCW is subject to the sanction contained in RCW 7.21.030(4). That sanction is purely punitive and thus criminal in nature, despite its being included in a section of the revised code that is labeled as remedial. Hence, we affirm.

## FACTS

¶2  A temporary antiharassment protection order prohibited T.A.W., a juvenile, from having any contact with J.F.[1] or from coming within 100 yards of J.F.'s residence, workplace, or school. J.F. saw T.A.W. twice on the same day on or near the edge of her school's campus while the temporary protection order was in effect and called the police. The State charged T.A.W. with violation of an antiharassment order by a person under the age of 18. After a hearing, the trial court found T.A.W. guilty and imposed seven days' juvenile detention to run concurrently with T.A.W.'s detention in a different case. On appeal, T.A.W. does not dispute the underlying facts or that he violated the temporary protection order. Rather, T.A.W. appeals the imposition of a criminal sanction and requests that any reference to T.A.W.'s guilt of a criminal offense be removed from the trial court's written orders.

## ANALYSIS

¶3  It is contempt to willfully disobey a lawful court order.[2] Contempt may be punished either civilly or criminally. Civil contempt is remedial in nature, whereas criminal contempt is punitive.[3] Civil contempt is meant to coerce a party into complying with a court order, whereas a criminal sanction is punitive in nature and imposed to vindicate the authority of the court.[4] Distinguishing between remedial and punitive contempt is not always easy. Contempt that involves imprisonment may potentially be

---

[1] It is unclear from the record whether J.F. is a minor and thus out of caution we have elected to use her initials.

[2] RCW 7.21.010(1)(b).

[3] *In the Interest of M.B.*, 101 Wn. App. 425, 438, 3 P.3d 780 (2000); *see also* RCW 7.21.030, .040.

[4] *M.B.*, 101 Wn. App. at 438.

remedial but only as long as the contemnor has the power to purge the contempt.[5]

¶4 The protection order granted to J.F. was authorized under chapter 10.14 RCW. The penalties for violating such an order are set forth in RCW 10.14.120, which provides:

Any willful disobedience by a respondent age eighteen years or over of any temporary antiharassment protection order or civil antiharassment protection order issued under this chapter subjects the respondent to criminal penalties under this chapter. Any respondent age eighteen years or over who willfully disobeys the terms of any order issued under this chapter may also, in the court's discretion, be found in contempt of court and subject to penalties under chapter 7.21 RCW. *Any respondent under the age of eighteen years who willfully disobeys the terms of an order issued under this chapter may, in the court's discretion, be found in contempt of court and subject to the sanction specified in RCW 7.21.030(4).*[6]

RCW 7.21.030(4), in turn, provides:

If the court finds that a person under the age of eighteen years has willfully disobeyed the terms of an order issued under chapter 10.14 RCW, the court may find the person in contempt of court and may, as a sole sanction for such contempt, commit the person to juvenile detention for a period of time not to exceed seven days.

¶5 T.A.W. contends the court lacked authority to hold T.A.W. criminally liable because the legislature provided only for civil sanctions under RCW 7.21.030(4) for minors in contempt. We agree with T.A.W. that this provision provides the exclusive sanction a court is authorized to impose on a minor found in contempt of an antiharassment order issued under chapter 10.14 RCW. We disagree, however, that a sanction imposed under RCW 7.21.030(4) is necessarily remedial in nature and thus a civil sanction rather than a criminal sanction.

---

[5] *In re Pers. Restraint of King*, 110 Wn.2d 793, 801, 756 P.2d 1303 (1988).

[6] (Emphasis added.)

¶6 Although RCW 7.21.030 is entitled "Remedial sanctions—Payment for losses," this label is devised by the Washington code reviser after the passage of the legislative enactment and is therefore of little use in determining legislative intent.[7] While such labels are meant to be helpful, they cannot change the meaning of the statute in question.[8] Only a title or section heading that is part of the legislative enactment itself, as opposed to a caption or label added later by the code reviser, may have any legal import in determining the legislative intent.[9] In *In re Interest of Rebecca K.*, for example, this court concluded the legislature's decision to label all contempt sanctions available under statutory amendments to RCW 13.32A.250, governing contempt provisions for violation of "at-risk youth" disposition orders, as "remedial" did not change the nature of the sanction at issue (also juvenile detention) from punitive to civil.[10]

¶7 Rather than look to the caption or label, we look to the actual text of the statute to interpret its meaning and the nature of the sanction the legislature intended for minors who violate antiharassment orders.[11] Here, unlike the other subsections of RCW 7.21.030, subsection (4) (applicable to persons under 18 years of age) does not contain any language indicating that it is remedial and hence civil in nature. Further, subsection (4) was enacted in conjunction with RCW 10.14.120 in 2001, separate from the rest of RCW 7.21.030, previously enacted.[12]

¶8 While contempt that involves imprisonment remains remedial so long as the contemnor has the power to purge the contempt, here, there was no such purge provision in

[7] *State v. Arndt*, 87 Wn.2d 374, 379, 553 P.2d 1328 (1976); RCW 44.20.050; *see also State v. Roby*, 67 Wn. App. 741, 745, 840 P.2d 218 (1992).

[8] *State v. Cooley*, 53 Wn. App. 163, 166-67, 765 P.2d 1327 (1989).

[9] *See State v. Chhom*, 162 Wn.2d 451, 173 P.3d 234 (2007); RCW 44.20.050.

[10] 101 Wn. App. 309, 315-17, 2 P.3d 501 (2000).

[11] *See M.B.*, 101 Wn. App. at 445.

[12] Laws of 2001, ch. 260, § 4.

the statute, nor did the court choose to supply one. Imprisonment, or juvenile detention, without an opportunity to purge, is clearly a punitive sanction.[13] Further, a punitive sanction is a criminal sanction.[14] Where the trial court provided no condition or means for T.A.W. to potentially purge the contempt before fulfilling his full seven day juvenile detention sentence, there is no question that the punishment was punitive in nature. Thus, not only does the statute clearly prescribe punishment, but the trial court's sentence was punitive.

¶9 The trial court is affirmed.

APPELWICK, C.J., and COX, J., concur.

---

[13] *King*, 110 Wn.2d at 800-01; *see also M.B.*, 101 Wn. App. at 441.

[14] *In re Dependency of A.K.*, 162 Wn.2d 632, 645-46, 174 P.3d 11 (2007) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994)).