# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BRIAN K. MALONEY, | No. 48392-1-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

LEE, J. — Brian Keith Maloney appeals the superior court's denial of his motion seeking costs under RCW 4.84.010 after his petition for restoration of firearm rights was granted. We hold that Maloney is not entitled to costs because RCW 4.84.010 applies only to civil proceedings and Maloney's petition for restoration of firearm rights arose from a criminal statute and was an extension of his criminal proceeding. We also hold that Maloney is not the prevailing party on appeal, so he is not entitled to costs on appeal. Accordingly, we affirm.

## FACTS

In 1980 and 1983, Maloney was convicted of second degree burglary and attempting to elude police, respectively. As a result of his criminal convictions, Maloney was prohibited from owning, possessing, or controlling a firearm.

On August 27, 2015, Maloney filed a petition to restore his firearm rights under RCW 9.41.040(4). Based on filing procedures required by the superior court for the convenience of docketing, Maloney initiated a civil filing with the State as the defendant, paid a $240 filing fee, and served the petition on the Pierce County Prosecutor's Office. The prosecutor's office appeared

No. 48392-1-II

on the State's behalf. The case was first assigned to a civil judge but later transferred to the presiding criminal judge.

The State agreed to the petition after it determined that Maloney was eligible to have his firearm rights restored and prepared an order for the superior court's signature. The superior court signed the prepared order restoring Maloney's firearm rights.

Maloney then filed a motion for statutory costs and attorney fees under RCW 4.84.010. The State opposed the motion.

The superior court held a hearing and denied Maloney's motion. The superior court concluded that:

1. The restoration process stated in RCW 9.41.040 arises from the application of a criminal statute, and therefore the RCWs and court rules that award costs to prevailing party in civil cases do not apply.
2. The petitioner is not a "prevailing party," as contemplated by RCW 4.84.010 because the petition was uncontested.
3. The Court's order restoring petitioner's firearm rights is not a "judgment," as contemplated by RCW 4.84.010.
4. The Court, in its discretion, does not award costs against the State. The Court finds that it would be unjust to apply RCW 4.84 against the State.
5. The Court adopts all reasoning and rationale contained in the State's response briefing.

Clerk's Papers (CP) at 35. Maloney appeals.

2

ANALYSIS

A.     LEGAL PRINCIPLES

We review questions of law and conclusions of law de novo. *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). Statutory interpretation is a question of law that we review de novo. *State v. Hayes*, 182 Wn.2d 556, 560, 342 P.3d 1144 (2015).

Our fundamental objective in interpreting a statute is to ascertain and carry out the legislature's intent. *Smith v. Moran, Windes & Wong, PLLC*, 145 Wn. App. 459, 463, 187 P.3d 275 (2008), *review denied*, 165 Wn.2d 1032 (2009). Labels devised by the Washington State Code Reviser after the passage of the statute provide little in determining the legislative intent. *State v. T.A.W.*, 144 Wn. App. 22, 26, 186 P.3d 1076 (2008).

Under Title 9 RCW, Crimes and Punishments, a person convicted of a crime of violence constituting a serious offense loses the right to possess a firearm. *See* RCW 9.41.010(3)(a), (21)(a); RCW 9.41.040(1)(a). Second degree burglary is a serious offense. RCW 9.41.010(3)(a), (21)(a). However, a person convicted of a serious offense may file a petition for restoration of firearm rights after five or more consecutive years without being convicted of another crime. RCW 9.41.040(4)(a)(ii)(A). The petition must be filed with the court that revoked the petitioner's right to possess a firearm or the superior court of the county in which the petitioner resides. RCW 9.41.040(4)(b)(i), (ii). Such petitions brought under RCW 9.41.040(4) impose only a ministerial duty on the court when the enumerated threshold requirements are met. *State v. Swanson*, 116 Wn. App. 67, 78, 65 P.3d 343, *review denied*, 150 Wn.2d 1006 (2003).

Under Title 4 RCW, Civil Procedure, upon judgment to the prevailing party, there shall be allowed certain sums for that party's expenses, including filing fees and statutory attorney fees.

RCW 4.84.010(1), (6). Costs and disbursements are set and provided according to chapter 4.84 RCW. CR 54(d). However, chapter 4.84 RCW only applies to civil actions. *See State v. Sizemore*, 48 Wn. App. 835, 838, 741 P.2d 572, *review denied*, 109 Wn.2d 1013 (1987).

B. PETITIONS TO RESTORE FIREARM RIGHTS ARE EXTENSIONS OF CRIMINAL PROCEEDINGS

Maloney argues that the superior court erred when it concluded his petition for restoration of firearm rights arose from the application of a criminal statute, and therefore, chapter 4.84 RCW did not apply. We disagree.

Maloney's firearm rights were revoked when he was convicted of second degree burglary and then of attempting to elude in 1980 and 1983, respectively. Because he lost the right to own, possess, or control firearms due to his criminal convictions, Maloney later petitioned to have his firearm rights restored. The petition to restore firearm rights arises from the same criminal statute that sets forth the crime of unlawful possession of a firearm. *See* RCW 9.41.040. And a petition to restore firearm rights is distinct from a typical civil proceeding because a suit is not filed against any party; rather, the petitioner asks the court to give him back that right that was taken away when he was convicted of a crime. *See* RCW 9.41.040(4)(a). Maloney was only required to initiate a civil proceeding in order to file his petition because the superior court had amended its filing procedures for convenience of docketing.[1] Significantly, although the petition was filed as a civil

---

[1] The superior court found that prior to August 2014, a petitioner with an existing criminal cause number could file a petition for restoration of firearm rights under that same number. However, in August 2014, "the Court changed its procedures for *convenience* of docketing these matters and instituted a mandatory civil filing system." CP at 34 (Finding of Fact 4) (emphasis added). Because the superior court's findings of facts are unchallenged, they are verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

proceeding, Maloney's petition was later transferred to the superior court's presiding criminal judge, which evidences the arbitrary nature of the civil filing.

The genesis of Maloney's petition is determinative. Maloney lost his firearm rights as a result of a criminal proceeding and the superior court's role in handling a petition for restoration of firearm rights is ministerial. Thus, the petition did not actually initiate a new civil proceeding but was an extension of the original criminal proceeding in which he was convicted. Maloney's petition sought to reverse the effects of punishment imposed in the original criminal proceeding, and therefore, it was criminal in nature. *See Tetro v Tetro*, 86 Wn.2d 252, 253, 544 P.2d 17 (1975) (acknowledging there are proceedings civil in form but criminal in nature). Thus, Maloney's petition for restoration of firearm rights was not a civil proceeding but arose from a criminal statute and was an extension of a criminal proceeding. We hold that the superior court did not err.[2]

C.     CHAPTER 4.84 RCW APPLIES TO CIVIL PROCEEDINGS

Because we hold that petitions for restoration of firearm rights are extensions of criminal proceedings, we next determine whether RCW 4.84.010 entitles Maloney to costs because the superior court granted his petition for restoration of firearm rights.

---

[2] Maloney also argues that it is possible to repeal punishment for a crime through a civil proceeding and cites the legislature's recent passage of the certificate of restoration of opportunity act, which allows disqualified persons to apply for certain state licenses after obtaining a certificate of restoration of opportunity. However, the legislature expressly referenced occupational licensing and employment in that act and specifically stated that "[n]othing in this section is interpreted as restoring or creating a means to restore any firearms rights or eligibility to obtain a firearm dealer license pursuant to RCW 9.41.110 or requiring the removal of a protection order." RCW 9.97.020(1).

"RCW 4.84 entitled 'Costs' is under the general RCW Title 4, 'Civil Procedure,' and therefore, these statutes do not apply to criminal proceedings." *State v. Keeney*, 112 Wn.2d 140, 145, 769 P.2d 295 (1989).[3] *See* SUBSTITUTE H.B. 1022, 61st Leg., Reg. Sess. (Wash. 2009). As discussed above, Maloney's petition was to restore firearm rights he lost as a result of his criminal conviction and was initiated to reverse the effects of punishment imposed in the original criminal proceeding. Thus, the petition was an extension of a criminal proceeding. Therefore, we hold that the superior court did not err in denying Maloney his costs under RCW 4.84.010 after granting his petition to restore firearm rights.[4]

---

[3] While the *Keeney* court held that the statutes under chapter 4.84 RCW are under Title 4 RCW, Civil Procedure, and inapplicable to criminal proceedings, the court referenced chapter 4.84 RCW in its quote responding to the challenge of the State's cost bill.

> However, *State ex rel. Lemon v. Coffin*, 52 Wn.2d 894, 327 P.2d 741, 332 P.2d 1096 (1958), held that "[b]y the terms of RCW 4.84.030, the prevailing party is entitled as a matter of right to the items of costs as provided in RCW 4.84.080 . . . and, in addition, to other specific items as provided in RCW 4.84.090". *Lemon*, at 896–97.

*Keeney*, 112 Wn.2d at 141-42. The *Lemon* case quoted by the *Keeney* court was a civil contempt case where costs were imposed when the state officers ignored a court mandate to return to work. *Lemon*, 52 Wn.2d at 895. The *Keeney* court did not rely on RCW 4.84.030 in holding the State was entitled to recover statutory costs. *Keeney*, 112 Wn.2d at 141-42.

[4] Maloney also argues that the superior court erred when it found that CR 54 did not apply to petitions for restoration of firearm rights. However, the superior court civil rules only "govern the procedure in the superior court in all suits of a civil nature." CR 1. And because we hold that petitions for restoration of firearm rights are extensions of criminal proceedings, we also hold that the superior court did not err when it found that CR 54 did not apply.

D.      ATTORNEY FEES ON APPEAL

Maloney argues that he is entitled to the costs for his appeal, including filing fees, statutory fees, and copies. In support, he cites RAP 14.3 and RAP 18.1, which allows for costs to the prevailing party on appeal. We affirm the trial court's ruling; therefore, Maloney is not the prevailing party on appeal and is not entitled to costs.

Maloney is not entitled to costs under RCW 4.84.010 after his petition to restore firearm rights was granted because his petition was an extension of his criminal proceeding and RCW 4.84.010 only applies to civil proceedings.

Accordingly, we affirm.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.