IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SEAN MICHAEL DORAN, | No. 79003-0-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, | |
| Respondent. | FILED: November 18, 2019 |

CHUN, J. — Ten years after Sean Doran pleaded guilty to Assault 4 Domestic Violence in municipal court, he filed a petition to restore his firearm rights in superior court. The State opposed the petition, claiming that Doran had not completed the treatment and education conditions of his sentence. But Doran believed that the municipal court had waived those conditions when it sanctioned him with additional jail time for failing to comply with the original sentence. A superior court commissioner denied both Doran's petition and his motion for reconsideration. Because we determine that, on reconsideration, Doran presented clear and uncontested evidence that the municipal court waived the conditions, we reverse.

## I. BACKGROUND

On May 24, 2006, Doran pleaded guilty in Everett Municipal Court to Assault 4 Domestic Violence, which caused him to lose his firearm rights. Additionally, the court sentenced Doran to 365 days of jail time with 335 days

suspended; Doran was to serve the remaining 30 days on electronic home detention (EHD). The court further sentenced Doran to two years of active probation including mandatory conditions of Domestic Violence Treatment and Victim Awareness Education.

Doran failed to appear for his review hearing on January 12, 2007, and the court issued a bench warrant. At that time, Doran had not completed his 30 days of EHD, the Domestic Violence Treatment, or the Victim Awareness Education and had failed to appear at probation.

On August 12, 2007, Doran was served with the bench warrant. The following day, the court reviewed Doran's compliance with his original sentence as well as a new charge. The court set a show cause hearing for two days later, but Doran again failed to appear.

Another review hearing occurred on April 9, 2008. The court ordered 90 days of confinement—30 days for the EHD that Doran never completed and 60 days for failing to comply. Doran completed his 90 day commitment on June 6, 2008. The court closed the case on July 31, 2008.

Ten years later, on February 26, 2018, Doran petitioned the Snohomish County Superior Court to restore his firearm rights. By this time, the municipal court had destroyed all of its records relating to the 2006 conviction except for the docket. In his petition, Doran stated that had completed all the terms and

conditions of his 2006 conviction because he believed the court had ordered jail time in lieu of the mandatory conditions:

> Because the # CR0067207 docket does not explicitly say that the treatment condition was removed in lieu of jail time, I appeared in person at the probation window and spoke with Keith Osborn, probation officer. He informed me that that was how the court would have handled a case where the defendant did not do [Domestic Violence] treatment - the court would have the defendant do jail time in lieu of the treatment, which would remove treatment as a condition of sentence.

The State opposed Doran's petition because it believed that he had not completed all of the terms and conditions of his sentence. The State argued that the 90-day commitment was not an alternative sentence relieving Doran of having to complete his treatment and education conditions, but contained an additional sanction imposed for failing to complete his original sentencing requirements.

On May 23, 2018, Doran filed a Motion to Clarify the Docket in Everett Municipal Court. On June 4, 2018, entries were made on the docket providing that the treatment and education conditions were "terminated."

A superior court commissioner held a hearing on Doran's petition on July 3, 2018. The commissioner, determining that terminated does not mean waived, denied Doran's petition:

> Well, from this Court's view words matter. And effectively the argument being made is that terminated—terminated equals completed equals waived, and I think that those three words have different meanings. They have different meanings in context, and they have different meanings in reality.

So, I—I don't believe that he has completed the terms of his sentence. He was noncompliant with the terms of his sentence and was sanctioned for it and the—but he did not complete his sentence. And—and the word "waived" was not used, and I don't believed "terminated" equates under this Court's understanding of the definition of the word. They are not the same. So, motion would be denied; petition would be denied.

Doran filed a motion for reconsideration on July 13, 2018.[1] Doran claimed that the court should vacate its original order because (1) there was no evidence or reasonable inference from the evidence to justify the decision, and (2) substantial justice had not been done.

A month later, on August 15, 2018, Doran filed a motion before a separate pro tem judge in municipal court "for an order, nunc pro tunc, that the conditions of sentence ([Domestic Violence] Treatment/Victim Awareness Education) were waived on 04/09/2008 when the defendant was ordered to serve 60 days jail instead." The judge granted Doran's motion. Doran filed a copy of that order with the Snohomish County Superior Court Clerk that same day.

On August 28, 2018, the trial court took Doran's motion for reconsideration under advisement without oral argument. Later that day, the court issued a written order denying Doran's motion for reconsideration. Doran appeals.

## II. ANALYSIS

Neither party's briefing addresses the standard of review for an order on a petition to restore firearm rights. Though the State says that we review issues of

---

[1] The State did not participate in the motion for reconsideration.

statutory interpretation de novo, this case does not require us to interpret RCW 9.41.040.

Because RCW 9.41.040(4) "does not expressly grant the restoring court any discretion . . . but does set forth several requirements that must be satisfied before an individual petitions for restoration . . . the restoring court serves a ministerial function . . . once the petitioner has satisfied the enumerated requirements." State v. Swanson, 116 Wn. App. 67, 69, 65 P.3d 343 (2003). Accordingly, whether Doran satisfied the requirements of RCW 9.41.040(4) constitutes a question of law that we review de novo. See Maloney v. State, 198 Wn. App. 805, 807, 395 P.3d 1077 (2017) ("We review questions of law and conclusions of law de novo.").

A. Petition to Restore Firearm Rights

Doran argues that the trial court erred when it denied his petition by determining that "terminated" and "waived" have different meanings. The State asserts that the court correctly concluded that Doran did not complete all the conditions of his sentence. We determine the court did not err by denying Doran's original petition.

RCW 9.41.040(4)(a)(ii)(B) provides that an individual may petition the court to restore their firearm rights:

> If the conviction or finding of not guilty by reason of insanity was for a nonfelony offense, after three or more consecutive years in the community without being convicted or found not guilty by reason of insanity or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions

5

that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525 and the individual has completed all conditions of the sentence.

The State claims that Doran fails to satisfy the statutory requirements only because he has not completed all the conditions of his sentence—specifically, the treatment and education conditions.

Before the superior court, Doran claimed that he was not required to complete the treatment and education conditions because the municipal court had waived them. As evidence for this argument, Doran cited the docket stating that the conditions were "terminated."[2] But "terminate" means "to end formally and definitely." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2359 (2002). This does not indicate that the court no longer required Doran to complete the treatment and education conditions or that it waived[3] them. As the State points out, LFOs are sometimes "written off" if the court loses jurisdiction. Though these LFOs are thus "terminated" in the sense that they can no longer be collected upon, an individual who did not pay their LFOs did not complete their sentence. Furthermore, though Doran claimed he talked to several people who stated that the court imposed the additional 60-days of confinement in lieu of the conditions, he did not provide any evidence other than his own testimony to

---

[2] Doran cites two cases to argue that terminating a condition is equal to waiving it, but neither case addresses the issue. State v. Foster held only that imposing a no-contact order on a father to protect the mother did not impermissibly interfere with the father's parental rights over their shared child. 128 Wn. App. 932, 940, 117 P.3d 1175 (2005). State v. Gossage determined that the expiration of a legal financial obligation pursuant to a statute constituted a satisfaction of that sentencing requirement. 165 Wn.2d 1, 8, 195 P.3d 525 (2008). Neither case addressed whether a terminated condition qualifies as completed for purposes of restoring firearm rights.

[3] In contrast to "terminate," "waive" means "to refrain from pressing or enforcing." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2570 (2002).

support these contentions. Because Doran failed to offer any evidence that the court had waived the conditions, we determine the trial court did not err by denying Doran's petition to restore his firearm rights.

### B. Motion for Reconsideration

Doran next argues the trial court should have granted his motion for reconsideration based on the additional evidence he offered to show that the court had waived the conditions. The State says that it has limited knowledge of the motion for reconsideration. We decide that the trial court abused its discretion by denying the motion.

"Whether to grant a motion for reconsideration is a matter within the sound discretion of the trial court; we will not reverse the court's ruling absent a showing of manifest abuse of discretion." Hook v. Lincoln County Noxious Weed Control Bd., 166 Wn. App. 145, 158, 269 P.3d 1056 (2012). A trial court abuses its discretion if no other reasonable trial court would have made the same ruling, or if the court ruled unreasonably or based its ruling on untenable grounds. State v. Arredondo, 188 Wn.2d 244, 256, 394 P.3d 348 (2017).

At the original hearing, Doran presented evidence only that the court had terminated the conditions. For his motion for reconsideration, however, Doran produced a Municipal Court order providing that "the conditions of sentence ([Domestic Violence] Treatment/Victim Awareness Education) were waived on 04/09/2008 when the defendant was ordered to serve 60 days jail instead." The

State did not respond. Given this clear and uncontested evidence that the court had waived the treatment and education conditions, the denial of the motion for reconsideration was based on untenable grounds.

Reversed.

_Chun, C.J._

WE CONCUR:

_Mann, ACT._

_Selvirch, J_