W. F. INSEL, Executor, Appellant, v. WRIGHT COUNTY et al., Appellees.

No. 39166.

MAY 14, 1929.

*Sylvester Flynn,* for appellant.

*John Fletcher,* Attorney-general, *C. J. Stephens,* Assistant Attorney-general, and *Albert H. Adams,* for R. E. Johnson, appellee.

*Robert D. Blue,* County Attorney, for other appellees.

DE GRAFF, J.—Section 7335, Code of 1924, to which the admitted facts relate, reads as follows:

"The treasurer of state or any person interested in the estate or property appraised may, within twenty days thereafter, file objections to said appraisement and give notice thereof as in beginning civil actions, on the hearing of which as an action in equity either party may produce evidence competent or material to the matters therein involved."

Section 7339 provides:

"If upon the hearing of objections to the appraisement the court finds that the property is not subject to the tax, the court shall upon expiration of time for appeal, when no appeal has been taken, order the clerk to enter upon the lien book a cancellation of any claim or lien for taxes. If at the end of twenty days from the filing of the appraisement with the clerk, no objections are filed, the appraisement shall stand approved."

The general assembly of Iowa has created and constituted a tribunal for the determination of all matters pertaining to inheritance tax and procedure in reference thereto. Inheritance tax appraisers are appointed in each county. Time limitation is fixed for objections to the appraisement made by said appraisers. The trial court in said county, upon hearing, determines the correctness of the appraisal, and if the court determines that the appraisement is not correct, it shall be set aside, and a new appraisement shall be ordered. In the instant case, the requirements of the statute found full compliance, although it is true that there were some items in the said appraisement that the court might well have determined were overvalued, had objections been made within the proper time. It is quite uniformly held that the subsequent appreciation or depreciation of the value of the property subject to appraisement is immaterial. It is the

value at the time of the death of the owner that is taken into consideration. It is obvious from the record that no objections whatsover were filed by any interested party within 20 days after the appraisement had been filed with the clerk of the district court. The statute provides that, under such conditions, the appraisement ''shall stand approved.'' Section 7339, Code of 1924.

The instant petition was filed in equity, but there is no statutory provision for such action.

The appraisement of the property was based on values at the date of the death of the decedent, to wit, October 17, 1924. The appraisement was made and filed shortly thereafter. No objections were made by any interested parties within the 20-day limit. Plaintiff filed the instant petition, as amended, on October 21, 1927.

We view the 20-day period as a limitation statute. The statute governs. Equity follows the law, and it is not the policy of the law to put it in the power of a party to extend statutory limitations. The language of the statute is clear and unambiguous. A person cannot, by his own act or by laches, prevent the running of the statute. Limitation of actions is not a rule of equity, but it may be viewed as an arbitrary provision of statute. We cannot waive the statutory limit for making objections to the filed appraisement. Under the pleaded facts and the statutory provisions applicable to the instant case, we are not in a position to disturb the appraisement or the ruling of the trial court.

It is undoubtedly true that a hardship has resulted to the beneficiaries of the estate of W. C. Halsey, but that result is not chargeable to the appellees herein.

Wherefore, the ruling of the trial court is—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.