[No. 33420.   Department One.   September 20, 1956.]

*In the Matter of the Estate of* LILLIE ELLIOTT PLASTERER, *Deceased.*[1]

*The Attorney General* and *Henry W. Wager, Assistant,* for appellant.

*Brethorst, Fowler, Dewar, Bateman & Reed,* for respondent.

[1]Reported in 301 P. (2d) 539.

SCHWELLENBACH, J.—The question involved in this appeal is whether or not a decedent vendor's interest in contracts for the sale of real property located in Alaska is subject to the imposition of an inheritance tax by the state of Washington, when the decedent was domiciled in Washington at the time of her death.

The facts before us were stipulated to the trial court. Decedent, Lillie Elliott James Plasterer, a resident of the state of Washington, died testate in Seattle. Probate proceedings were instituted in this state, and the assets were appraised at $55,378.27. Three parcels of realty, to which we will refer as the "Lee," "Brown," and "Edwards" properties, were sold on contract by decedent prior to her death. These were not included in the inventory filed in the Washington probate proceedings. Ancillary proceedings were instituted in the territory of Alaska, and the assets there were appraised at $79,192.75. Included therein were the three properties above mentioned, which showed a total balance due under the contracts, on the date of death, of $49,612.25.

The contracts contained a forfeiture clause; provided that title would remain in the vendor until the full purchase price was paid; and also provided that deeds would be placed in escrow for delivery upon performance by the purchasers. No deeds were placed in true escrow by the decedent before her death. This has been attended to, however, by the ancillary executrix.

The Alaska executrix paid inheritance taxes to the territory of Alaska in the amount of $1,669.51, which amount was based on the "Lee," "Brown," and "Edwards" parcels, and other assets of the Alaska estate.

The Washington executrix paid an inheritance tax to the state of Washington in the amount of $3,950.90.

Findings were thereafter entered by the Washington supervisor of the inheritance tax division, which included the decedent vendor's interest in the Alaska realty as part of the assets of the Washington estate, and fixed a tax thereon in the amount of $10,354.24. Allowing credit for the amount theretofore paid, the state of Washington claimed a balance due of $6,403.34. Objections were filed by

the executrix. The trial court sustained the objections of the executrix, holding that the decedent vendor's interest was realty, and that because it was located outside the state, Washington had no jurisdiction to levy an inheritance tax against it.

RCW 83.04.010 provides in part:

"All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state . . . shall, for the use of the state, be subject to a tax measured by the full value of the entire property, . . ."

An inheritance tax is an excise or impost laid upon the privilege of receiving property by inheritance. It is a tax on the right to inherit. *In re Knight's Estate*, 31 Wn. (2d) 813, 199 P. (2d) 89.

Now what did the heirs inherit? They inherited three parcels of realty situated in Alaska, each subject to a contract of sale executed by the decedent while she was the owner. They were obligated, upon payment of the purchase price, to execute deeds to the purchasers. (This was done for them by the ancillary executrix.) By virtue of the forfeiture clauses, they were entitled, in the case of failure of the vendees to perform, to terminate the contracts and to forfeit all rights of the vendees thereunder. The real property was not within the jurisdiction of this state, and its transfer was not subject to an inheritance tax by this state. RCW 83.04.050.

In addition to the above, the heirs inherited something else. They inherited the right to receive the payments due under the contracts. That right is a chose in action, which is the right to recover a debt, demand, or damages on a cause of action *ex contractu*. See *Conaway v. Co-Operative Homebuilders*, 65 Wash. 39, 117 Pac. 716. The right to receive payments due under a contract for the sale of land, is intangible personal property. *In re Eilermann's Estate*, 179 Wash. 15, 35 P. (2d) 763. Intangible personal property has its situs at the domicile of the owner at the time of his

death, regardless of the actual location of the evidence of ownership, and is within the jurisdiction and subject to an inheritance tax by the state of the owner's domicile at the time of his death. See.*In re Ellis' Estate*, 169 Wash. 581, 14 P. (2d) 37, 86 A. L. R. 734; *Curry v. McCanless*, 307 U. S. 357, 83 L. Ed. 1339, 59 S. Ct. 900, 123 A. L. R. 162.

*In re Eilermann's Estate, supra,* was a case involving the converse of the problem confronting us herein. There, the decedent, a resident of New Jersey, owned two parcels of real property in this state. Under two executory contracts of sale, she sold the land to two residents of this state. Her will was admitted to probate in New Jersey and in this state. At the final hearing, the supervisor of the inheritance tax division insisted that, under the provisions of Rem. Rev. Stat., § 11201 [*cf.* RCW 83.04.010], the property of the decedent in this state was subject to an inheritance tax.

The trial court concluded that the interest of a nonresident vendor in a contract for the sale of land situated within this state was intangible personal property having its situs at the domicile of the vendor and was not taxable in this state. In affirming, we said:

"In *In re Sherwood's Estate,* 122 Wash. 648, 211 Pac. 734, *In re Ellis' Estate,* 169 Wash. 581, 14 P. (2d) 37, 86 A. L. R. 734, and *In re Lyons' Estate,* 175 Wash. 115, 26 P. (2d) 615, we held that intangible personal property has its situs in the domicile of its owner and is only subject to inheritance tax by the state of the owner's domicile. See, also, *Baldwin v. Missouri,* 281 U. S. 586, 50 S. Ct. 436, 72 A. L. R. 1303, and *First National Bank of Boston v. Maine,* 284 U. S. 312, 77 A. L. R. 1401.

". . .

"Clearly, the interest of a nonresident vendor in a contract for the sale of land situated in another state is intangible personal property. That being so, it logically follows that the vendor's interest is taxable in the state of the owner's domicile, not in the state wherein the land lies."

Although there is a diversity of opinion among the various jurisdictions throughout the country concerning this problem (see annotation, 78 A. L. R. 793), we are of the opinion that the correct result was reached in the *Eiler-*

*mann* case, and that, accordingly, this state has jurisdiction to impose an inheritance tax upon a decedent's interest in the sale of real property situated outside of the state (the same being intangible personal property) when the decedent was domiciled in this state at the time of his death.

Taxation of the property by another jurisdiction is not decisive of the domiciliary state's power to impose a tax. *Blodgett v. Silberman*, 277 U. S. 1, 72 L. Ed. 749, 48 S. Ct. 410. There is no constitutional rule of immunity from taxation of intangibles by more than one state. *Curry v. McCanless, supra; State Tax Commission of Utah v. Aldrich*, 316 U. S. 174, 86 L. Ed. 1358, 62 S. Ct. 1008, 139 A. L. R. 1436.

The judgment is reversed and remanded, with direction to allow the tax certified by the supervisor of the inheritance tax division.

DONWORTH, C. J., FINLEY, and OTT, JJ., concur.