In the Matter of the ESTATE of Ruth E. LINCOLN, Deceased, Robert C. Lincoln, Executor of the Estate of Ruth E. Lincoln, Deceased, Appellant,

v.

D. G. BRIGGS, Director of Revenue Iowa Department of Revenue, Appellee.

No. 55019.

Supreme Court of Iowa.

June 29, 1972.

Bierman & Bierman, Grinnell, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellee.

HARRIS, Justice.

This appeal presents a narrow question in the field of inheritance tax. The question is whether the interest of decedent vendor in foreign real estate is includable in his estate for Iowa inheritance tax purposes. The trial court ruled such an interest was includable. We affirm.

Prior to her death, Ruth E. Lincoln, the decedent, had owned real estate in Illinois and had entered into a contract for its sale. Her executor was thereafter compelled by the Iowa Department of Revenue to include her interest as an asset upon which Iowa inheritance tax was assessed.

The trial court concluded decedent was the owner of intangible personal property consisting of the right to receive payments under the contract for the sale of real estate located in Illinois. The situs of this property was determined to be in Iowa. The trial court concluded the tax should be levied and denied the executor's application for refund.

The question seems to be one of first impression in Iowa. Cases from other jurisdictions are in conflict.

We are involved in a case where the contract had been entered into by the decedent prior to death. The situation presented does not fall under the rule announced in Re Marx' Estate, 226 Iowa 1260, 286 N.W. 422. In Marx the question involved a sale of foreign real estate as a part of the proceedings in the administration of the estate. Since, under Iowa law, real estate passes to the devisee or heir instantly upon the death of decedent, the question in such event is quite different from the one presented here.

I. We subscribe to the view expressed by the Washington Supreme Court in the case of In re Plasterer's Estate, 49 Wash. 2d 339, 301 P.2d 539. That appeal presented the identical question considered here. Plasterer had died domiciled in the State of Washington owning a vendor's interest in contracts for the sale of real estate located in Alaska. Inheritance tax had been paid to the State of Alaska through ancillary probate proceedings there. The case held the State of Washington had jurisdiction to impose an inheritance tax on this interest. The court pointed out an inheritance tax is levied upon the right to inherit. After describing the vendor's interest inherited the court said:

"In addition to the above, the heirs inherited something else. They inherited the right to receive the payments due under the contracts. That right is a chose in action which is the right to recover a debt, demand, or damages on a cause of action *ex contractu*. See Conaway v. Co-operative Homebuilders, 65 Wash. 39, 117 P. 716. The right to receive payments due under a contract for the sale of land is intangible, personal property. In re Eilermann's Estate, 179 Wash. 15, 35 P.2d 763. Intangible personal property has its situs at the domicile of the owner at the time of his death, regardless of the actual location of the evidence of ownership, and is within the jurisdiction and subject to an inheritance tax by the state of the owner's domicile at the time of his death. (Citations).

" * * *

"Although there is a diversity of opinion among the various jurisdictions throughout the country concerning this problem, see Annot. 78 A.L.R. 793, we are of the opinion that the correct result was reached in

the Eilermann case, and that, accordingly, this state has jurisdiction to impose an inheritance tax upon a decedent's interest in the sale of real property situated outside of the state (the same being intangible personal property) when the decedent was domiciled in this state at the time of his death." See also State ex rel. Hilton v. Probate Court, 145 Minn. 155, 176 N.W. 493.

A matter which has attracted a great deal of attention in the cases and in this appeal is the applicability of the doctrine of equitable conversion. Some states hold the doctrine of equitable conversion should not be applied in succession tax cases of this kind. They reason the doctrine will not justify taxation of the vendor's interest in foreign real estate nor a nonresident's interest in local real estate.

Most cases discussing equitable conversion have arisen on facts converse to those presented here. Few cases appear in which the realty is in a foreign state with the vendor domiciled in the state attempting to levy the succession tax. Commonly, the cases deal with attempts to levy upon a deceased foreign vendor's interest in local real estate. See for example In re Ryan's Estate, 102 N.W.2d 9 (N.D.1960).

We need not apply the doctrine of equitable conversion in order to concur in the determination of the trial court. The converse of the presented situation might demand such a determination. See 85 C.J.S. Taxation §§ 1115 and 1116, page 850, et seq. and 42 Am.Jur.2d, Inheritance, Etc., Taxes, section 174, page 380.

█ It is not material that two states might both tax intangible personal property. This has been authorized since the U. S. Supreme Court held "there is no constitutional rule of immunity from taxation of intangibles by more than one State." State Tax Commission of Utah v. Aldrich, 316 U.S. 174, 62 S.Ct. 1008, 86 L.Ed. 1358, 139 A.L.R. 1436.

 We conclude Iowa has jurisdiction to tax the interest of a decedent domiciled in this state in foreign real estate which he had contracted to sell prior to death. The judgment of the trial court must be and is hereby

Affirmed.

All Justices concur.