G. D. BAIR, Director of the Iowa Department of Revenue, Appellee,

v.

Melissa Lyon RANDALL, Appellant.

No. 58922.

Supreme Court of Iowa.

Oct. 19, 1977.

John D. Randall and Jon M. McCright, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Special Asst. Atty. Gen., and Gerald A. Kuehn, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

This appeal challenges the imposition of inheritance tax on insurance proceeds paid in compromise of a claim for loss resulting from fire. The settlement was made with defendant, Melissa Lyon Randall, as sole beneficiary under the will of her father, Wallace D. Lyon. She has appealed from a decree holding this money is subject to inheritance tax. We modify and remand.

The case was submitted on stipulated facts which we now briefly set out. Wallace D. Lyon died February 5, 1970, in the fire already referred to, which destroyed his home and most of its contents. The property was insured with American Family Mutual Insurance Company of Madison, Wisconsin. The insurer denied liability for reasons not important to this appeal.

In the preliminary inheritance tax report and probate inventory filed in the decedent's estate this insurance claim was listed as being of undetermined value.

Merchants National Bank of Cedar Rapids, the executor of decedent's estate, started suit to collect $30,000 for loss due to fire. Later the executor filed an application for authority to accept $12,000 to settle the claim. Melissa Lyon Randall resisted this application. After a hearing, the probate court disapproved the proposed settlement. Eventually the claim was settled for $15,000, from which Mrs. Randall paid attorney fees and costs of $2,501.82.

Unable to agree as to what, if any, inheritance tax liability resulted, the parties have now made their way to this court for a resolution of that question. The trial court decree directed Mrs. Randall to pay $445.32 as inheritance tax on the full $15,000.

As the controversy involves less than the jurisdictional amount provided for in rule 333, Rules of Civil Procedure, (now rule 3, Rules of Appellate Procedure), this case would not be appealable except for the fact the trial court certified it as being one in which an appeal should be allowed. We agree such certification was proper under the circumstances.

In the trial court Mrs. Randall urged the insurance funds were not taxable under §§ 450.2 and 450.3, The Code. She seems to have abandoned that argument now. In any event we agree with the trial court's finding to the contrary. The decedent had an interest in the insurance contract at the time of his death. This interest passed to

his daughter under the terms of his will. The amount later paid in performance of that contract is taxable under the above statutes. *Estate of Lincoln v. Briggs,* 199 N.W.2d 337, 338 (Iowa 1972); *cf. Estate of Dieleman v. Dept. of Revenue,* 222 N.W.2d 459, 461 (Iowa 1974).

This appeal presents two issues:

1. Is the compromise settlement of $15,000 the market value of the insurance claim as of the date of defendant's death?

2. Did the trial court err in assessing inheritance tax on the total settlement of $15,000 without allowing a deduction for attorney fees and court costs paid by appellant?

■ I. Under our statute (§ 450.3) inheritance tax is assessed on the net market value of the property passing to designated heirs or beneficiaries. "Net market value" is to be determined on the date of decedent's death. *Insel v. Wright County,* 208 Iowa 295, 296–297, 225 N.W. 378 (1929).

Mrs. Randall claims there is no evidence upon which the court could determine the net market value of this unliquidated insurance claim on the date her father died. We disagree. Originally demand was made for $30,000. The insurer denied all liability. Litigation was started. Lengthy negotiations ensued. Several offers of settlement were made and rejected. Ultimately settlement was effected for $15,000.

■ While the compromise settlement is not conclusive evidence of the value of the claim at the time of decedent's death, it may be considered in deciding what the claim was then worth.

Although different factually, the present case is quite similar to *United States v. Simmons,* 346 F.2d 213, 216–218 (5th Cir. 1965) in the principles to be applied. In *Simmons* a claim for income tax refund was listed in decedent's estate tax return as having no value. Later the estate received a substantial refund. The Government and the executor disagree as to how this claim should be valued. The opinion includes these statements:

"Applying the willing buyer and seller test to the claim for income tax refund, we see no reason for concluding that the amount of the settlement necessarily represents the fair market value of the claim at the date of death. The amount of the settlement is relevant but not conclusive. (346 F.2d at 216)

" * * *

"Finally, although we do not accept the extreme position taken by the Government, that the amount of the compromise was necessarily the value of the claim at the time of death, that amount is certainly highly indicative of the fact that the claim had value at the time of Simmons' death. (346 F.2d at 218)

" * * *

"The administration of every estate involves a delay before the succession representative knows all the relevant existing facts affecting the value of the property. The federal estate tax law is sufficiently flexible and realistic to take account of this delay." (346 F.2d at 217)

Another case reflecting this same rationale is *Duffield v. United States,* 136 F.Supp. 944, 945–948 (E.D.Pa.1955), holding that a lawyer's contingent fee contracts upon which payments might or might not be made subsequent to his death was nevertheless an asset subject to estate tax at the date-of-death value.

Mrs. Randall also argues the evidence of value fails because there was no appraisal by inheritance tax appraisers. This is without merit. Appraisal by inheritance tax appraisers is no longer necessary unless requested by the Department of Revenue. *See* § 450.39, The Code. *See also* Hayes, *Iowa Tax Law and Procedure,* 21 Drake L.Rev. 282, 287–289 (1972).

Under the particular facts of this case, we hold the trial court was right in finding the market value of the disputed claim was $15,000 at decedent's death.

■ II. On the second issue we hold the net market value of the claim is the amount paid in settlement less costs and attorney fees. As used here, "market value" means the price a willing buyer would give and a

willing seller would take, neither being under any compulsion to buy or sell.

The State argues Mrs. Randall's attorney fees and costs are not deductible because they were not approved by the court as required by § 450.12, The Code. This is a strange position for the Department to take now because the Assistant Attorney General conceded during trial that Mrs. Randall should be given credit for these sums in computing the tax due. Nevertheless we must agree these amounts are not deductible under § 450.12. *See In re Estate of Waddington*, 201 N.W.2d 77, 78–79 (Iowa 1972).

However, we do not rest our decision on the provisions of that statute. Rather we hold the market value is the amount paid in settlement of the claim, and the *net* market value is that amount reduced by the necessary expenses of collection. This is $12,498.18. It is this net market value upon which the tax is computed. § 450.3, The Code.

Our finding is limited to the facts of this case. We have already mentioned the difficulties encountered in reaching a disposition of the fire claim. It appears settlement could not have been accomplished without the intervention of counsel under the circumstances here present. The reasonable expense of settlement is deductible in arriving at net market value.

III. Counsel for the Iowa Department of Revenue and counsel for Mrs. Randall unfortunately involved themselves in an acrimonious running feud over what the appendix should include. Part of the argument concerns payment of costs for matter later added by way of Supplemental Appendix. There are also charges of unprofessional conduct and violations of our appellate rules. We order one-half of all costs shall be paid by each party.

IV. The case is remanded for entry of judgment for inheritance tax based on a valuation of $12,498.18 together with interest from August 5, 1971.

MODIFIED AND REMANDED.