# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Estate of:<br>EVA ANNE SYLVESTER, | No. 60428-1-II |
| DAVID SYLVESTERSEN, | |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| JEANNA ELMER, Personal Representative<br>for the estate of EVA ANNE SYLVESTER, | |
| Respondent. | |

PRICE, J. — David Sylvestersen appeals the superior court's denial of his petition to dismiss the probate of his deceased sister, Eva Sylvester. Sylvestersen argues that (1) the superior court lacked "jurisdiction" to probate Sylvester's estate and (2) the superior court abused its discretion in finding that his petition to dismiss was frivolous and ordering him to pay sanctions. Sylvestersen requests his attorney fees on appeal.

Jeanna Elmer, the administrator of Sylvester's estate, responds that Sylvestersen's appeal is without merit and requests her attorney fees on appeal.

We affirm the superior court's denial of the petition to dismiss, but we reverse the award of sanctions for frivolousness. We deny both parties' requests for attorney fees on appeal.

FACTS

I. BACKGROUND

In August 2023, Sylvester died intestate when she was a resident of California. Following her death, Elmer, a family friend, petitioned the Lewis County Superior Court for adjudication of intestacy and heirship, for letters of administration, and for nonintervention powers. At the time, Elmer was already serving as administrator of the estate of Sylvester's mother, Eva Meleskie, who had died before Sylvester and had left property in Washington. Elmer likely understood, from her role as the administrator of Meleskie's estate, that Sylvester would be inheriting money from the sale of her mother's property in Washington. Elmer's petition claimed that Sylvester had property in Washington that was subject to probate and that her estate was solvent with an estimated value in excess of $10,000.

The superior court granted Elmer's petition and appointed Elmer as the administrator of Sylvester's estate. The superior court's order determined the estate to be solvent, directed issuance of letters of administration, and set a hearing to determine whether granting nonintervention powers was appropriate.

Sylvestersen apparently learned of the Lewis County petition and, as an heir to his sister's estate, sent a letter to Elmer that offered to waive any further involvement with the probate of Sylvester's estate in exchange for $75,000.[1]

---

[1] Our record contains no response from Elmer to this letter.

Several days later, the hearing for granting Elmer nonintervention powers took place. No one appeared to oppose Elmer's request for nonintervention powers, and the superior court again found that Sylvester's estate was solvent and granted nonintervention powers to Elmer.

Soon thereafter, Sylvestersen filed a petition that requested an inventory and accounting of the estate's assets. The petition stated, among other things, that the "[d]ecedent held a substantial amount of bank deposited funds obtained by inheritance shortly before her death." Clerk's Papers (CP) at 22.

Elmer subsequently filed an inventory and appraisement. The inventory did not reflect any current assets, but it did explain Elmer's rationale for filing the probate action in Washington. The inventory said that the probate action was filed to receive and administer an anticipated distribution from Meleskie's probate case and that the anticipated distribution had not yet been received.

Several days later, Sylvestersen sent another letter to Elmer. This time, Sylvestersen offered to waive any further involvement with the probate in exchange for a payment of $50,000. In his letter, Sylvestersen provided a list of assets belonging to Sylvester that he knew about, including a $65,000 inheritance from Sylvester's mother, Meleskie. Elmer acknowledged receipt of Sylvestersen's letter but did not respond to Sylvestersen's offer to enter into a settlement in exchange for a cash payment.

II. PETITION TO DISMISS

Shortly thereafter, Sylvestersen filed a "petition to dismiss probate for lack of jurisdiction and/or insolvent estate and/or revoke nonintervention powers." CP at 23. Sylvestersen argued that the primary probate of an intestacy lies with the court of the state in which the decedent was domiciled and that the "law of domicile" governed the distribution of Sylvester's assets. CP at 27.

3

Sylvestersen contended that because Sylvester was domiciled in California and had no property in Washington at the time of her death, the superior court lacked "jurisdiction" to probate her estate. CP at 28. He further argued that there was no evidence that Sylvester's estate was solvent and that solvency is a prerequisite to granting nonintervention powers.

Elmer responded with a declaration that provided another explanation for why she had filed a probate in Washington. Elmer said that there were "significant assets for the estate" located in Washington, including a $65,000 distribution from the "Estate of Eva M. Meleskie to the Estate of Eva Anne Sylvester." CP at 34. Elmer claimed the assets were the proceeds of the sale of real property in the state of Washington that would be distributed to Sylvester. Elmer also contended that probating Sylvester's estate in Washington was necessary to provide a way to distribute funds from Sylvester's mother's estate to Sylvester. With her declaration, Elmer filed an amended inventory and appraisement that, in contrast to the previous inventory, listed $65,000 held in Elmer's counsel's trust account.

The superior court held a hearing on Sylvestersen's petition to dismiss the probate. Although his petition had alleged issues with both jurisdiction and solvency, Sylvestersen focused on jurisdiction at the hearing (and did not expressly argue insolvency). Sylvestersen argued that "jurisdiction" over the probate of intangible personal property "follow[ed]" the decedent's domicile. Verbatim Rep. of Proc. (VRP) at 5. And because the proceeds from the $65,000 distribution were intangible personal property, and Sylvester was domiciled in California at the time of her death, the superior court lacked "jurisdiction" to probate the estate.

Elmer responded that Sylvestersen's petition was frivolous. Elmer's counsel explained that the $65,000 had "always" been in their trust account and was distributed to Sylvester's estate

4

a week earlier.[2] VRP at 7. Elmer's counsel reiterated their position that the probate action was initiated in Washington "so someone had legal authority to receive and administer" Sylvester's inheritance from her mother's estate and for no other purpose. VRP at 7. Elmer's counsel noted that a California probate was unnecessary if the estate did not exceed $185,500 and expressed their reluctance to litigate in California, stating, "We're not going to California again. It's a nightmare." VRP at 8. Elmer's counsel also contended that the estate was solvent because it consisted of $65,000 and anticipated additional funds in the future.

The superior court denied Sylvestersen's petition and orally granted Elmer's request for attorney fees. When Elmer presented a proposed order that stated that the fee award was based on a CR 11 violation, Sylvestersen asked whether CR 11 was the basis for the award. The superior court responded that it "didn't explicitly state" that CR 11 was its basis. VRP at 15. The final written order (with the reference to CR 11 crossed out) stated that Sylvestersen's petition was "frivolous" and ordered Sylvestersen to pay $1,050 in attorney fees as sanctions to Sylvester's estate. CP at 45.

III.  MOTION FOR RECONSIDERATION AND APPEAL

Sylvestersen moved for reconsideration. He again argued that the superior court lacked "jurisdiction" and requested that Elmer's nonintervention powers be revoked. Sylvestersen also argued that the superior court abused its discretion in finding that his petition was frivolous and ordering him to pay attorney fees. According to Sylvestersen, the petition was not frivolous because he was merely "trying to identify the location of funds in his sister's estate" and Elmer

---

[2] Elmer's counsel for the Sylvester probate also served as Elmer's counsel for her role as the administrator for the Meleskie estate.

only identified the $65,000 held in her attorneys' trust account for the first time a few days before the hearing on the petition to dismiss. CP at 57. Sylvestersen further argued that the petition was not frivolous because it included references to case law and relevant documents and was filed under the penalty of perjury.

Elmer opposed reconsideration, arguing again that Sylvestersen's position was frivolous. She asserted that the superior court had correctly determined that it had jurisdiction over Sylvester's financial rights and interests in Washington, including the $65,000 that Sylvester inherited from her mother, and that the estate was solvent.

The superior court denied reconsideration by written order. The superior court reiterated that the superior court had jurisdiction and further explained that Sylvestersen knew or should have known that the basis for filing the Washington probate case based on correspondence between the parties and pleadings. The superior court explained that revoking Elmer's nonintervention powers would unnecessarily raise the costs of administering the estate and that Elmer had "deftly maneuvered through a complicated estate." CP at 163.

With respect to frivolousness, the superior court explained that Sylvestersen "charged ahead" with the petition to dismiss even with the "albeit late disclosure" of the $65,000 that had been deposited in the trust account of Elmer's attorney. CP at 162. And Sylvestersen's attorney had acknowledged a final inheritance in excess of $75,000 was anticipated from Meleskie's property in Washington, which belied Sylvestersen's position that the estate was insolvent and that there were no Washington assets to administer. According to the superior court, this "alone" was "sufficient to support the court's ruling that the motion to dismiss was frivolous." CP at 162-63.

Sylvestersen appeals.

6

ANALYSIS

Sylvestersen focuses his appeal on two issues (1) that the superior court did not have jurisdiction over Sylvester's probate and (2) that the superior court erred by concluding his petition to dismiss was frivolous.

## I. JURISDICTION

Sylvestersen argues that the superior court erred in denying his motion for reconsideration regarding his petition to dismiss the probate because, without Sylvester having tangible property in Washington, the superior court did not have "jurisdiction" over her estate. We disagree that the superior court did not have jurisdiction.

### A. LEGAL PRINCIPLES

We review whether a court has jurisdiction de novo. *See Lakeside Indus. v. Dep't of Revenue*, 19 Wn. App. 2d 225, 230-31, 495 P.3d 257 (2021), *aff'd*, 1 Wn.3d 150, 524 P.3d 639 (2023). We review a superior court's denial of a motion for reconsideration for an abuse of discretion. *In re Marriage of Fallow*, 31 Wn. App. 2d 24, 41, 547 P.3d 914 (2024).

A court only has authorization to hear and determine a cause or proceeding if it has jurisdiction over the subject matter and the parties. *Goggiel v. Okanogan County Mental Health Agency*, 104 Wn. App. 485, 487, 17 P.3d 1 (2001). Probate proceedings are often characterized as in rem.[3] *In re Estate of Black*, 116 Wn. App. 492, 499, 66 P.3d 678 (2003), *aff'd*, 153 Wn.2d 152, 102 P.3d 796 (2004); *In re Condemnation Petition City of Lynwood*, 118 Wn. App. 674,

---

[3] "In rem" is defined as a "technical term used to designate proceedings or actions instituted *against the thing*, in contradistinction to personal actions, which are said to be *in personam*." BLACK'S LAW DICTIONARY 793 (6th ed. 1990) (emphasis added).

679 n.2, 77 P.3d 378 (2003) (explaining that probate is one of several kinds of proceedings in which courts exercise in rem jurisdiction), *review denied*, 150 Wn.2d 1030 (2004); 14 DOUGLAS J. ENDE, WASHINGTON PRACTICE: CIVIL PROCEDURE § 5.5, at 173 (3d ed. 2018). "In rem jurisdiction in probate exists if the decedent was domiciled in the state or owned property in the state." WASHINGTON PRACTICE: CIVIL PROCEDURE § 5.5, at 173.

Moreover, our state constitution provides the superior court with broad subject matter jurisdiction over probate matters.[4] *In re Estate of Reugh*, 10 Wn. App. 2d 20, 44, 447 P.3d 544 (2019). Article IV, section 6 of our state constitution provides:

> Superior courts and district courts have concurrent jurisdiction in cases in equity. The superior court shall have original jurisdiction in . . . *all matters of probate* . . . . The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.

(Emphasis added.)

Consistent with this broad authority, our legislature has enacted at least two statutes related to the superior court's jurisdiction over probate matters and disputes. RCW 2.08.010; RCW 11.96A.040. First, RCW 2.08.010 generally reiterates that the "superior court shall have original jurisdiction . . . of all matters of probate . . . ." Second, the Trust and Estate Dispute Resolution

---

[4] "Subject matter jurisdiction simply refers to the court, in which a party files a suit or a motion, being the correct court for the type of suit . . . ." *In re Estate of Reugh*, 10 Wn. App. 2d 20, 48, 447 P.3d 544 (2019). We focus on the " 'type of controversy' " to determine whether a Washington court has subject matter jurisdiction. *Pruczinkski v. Ashby*, 185 Wn.2d 492, 499, 374 P.3d 102 (2016) (quoting *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 542-43, 886 P.2d 189 (1994)). "If an action is within the category of controversies a court has the authority to decide, subject matter jurisdiction is appropriate." *Id.*

No. 60428-1-II

Act (TEDRA),[5] reiterates the superior courts' original subject matter jurisdiction over probate matters and specifically states that superior courts have authority to administer estates of deceased individuals including when a nonresident of the state dies outside the state. RCW 11.96A.040; *see Reugh*, 10 Wn. App. 2d at 46. TEDRA provides:

> (1) The superior court of every county has original subject matter jurisdiction over the probate of wills *and the administration of estates of* . . . deceased individuals *in all instances*, including without limitation . . . (c) *When a nonresident of the state dies outside the state*.

RCW 11.96A.040 (emphasis added).

B. APPLICATION

Notwithstanding these broad grants of authority to superior courts, Sylvestersen appears to argue that the superior court still lacked jurisdiction to probate Sylvester's estate because of the character of the $65,000 from Meleskie's estate. Sylvestersen characterizes the $65,000 as "intangible assets," which, according to Sylvestersen have their "situs" where Sylvester was domiciled at the time of her death—California. Appellant's Opening Br. at 16, 19.

In support of his position that the $65,000 does not constitute property in Washington, Sylvestersen relies on *In re Estate of Plasterer*, 49 Wn.2d 339, 341-42, 301 P.2d 539 (1956). There, the decedent died in Washington with property in Alaska. *Id.* at 340-41. Probate proceedings were initiated in both Washington and Alaska and inheritance taxes were paid by the administrators in each state. *Id.* at 340. Later, the State of Washington determined that the administrator of the Washington estate had underpaid because it had not included the decedent's interest in the Alaska property. *Id.* at 340-41.

---

[5] Ch. 11.96A RCW.

9

The issue on appeal was whether Washington had jurisdiction to impose an inheritance tax upon a decedent's interest in the sale of real property (characterized as intangible personal property) located in Alaska when the decedent was domiciled in Washington at the time of their death. *Id.* at 340. In holding that Washington had this jurisdiction, our Supreme Court relied on the principle that "[i]ntangible personal property has its situs at the domicile of the owner at the time of [their] death, regardless of the actual location of the evidence of ownership, and is within the jurisdiction and subject to an inheritance tax by the state of the owner's domicile at the time of [their] death." *Id.* at 341-42. This conclusion, Sylvester argues, has equal application to the $65,000 distribution such that it cannot be considered Washington property.

Sylvestersen also argues that the superior court lacked jurisdiction due to the timing of the estate's funding. According to Sylvestersen, the superior court had no jurisdiction because at the time of Sylvester's death, the $65,000 from her mother's estate had not yet been transferred to Sylvester. As a result, Sylvestersen argues that Sylvester's estate had no funds at the time of her death and any interest that she had in the Meleskie estate amounted to an "unknown future interest." Appellant's Opening Br. at 18.

We are unpersuaded. Washington superior courts unquestionably have broad jurisdiction over probate matters involving property in the state. *Reugh*, 10 Wn. App. 2d at 44; RCW 2.08.010; RCW 11.96A.040. And TEDRA statutorily expressly broadens this jurisdiction to nonresidents who died out of the state. RCW 11.96A.040.

In the face of these broad authorities, Sylvestersen's use of *Plasterer* to contend that the $65,000 is *not* property in Washington is uncompelling. *See* 49 Wn.2d at 341-42. That case involved the characterization of property for Washington's authority to assess inheritance taxes in

the face of probates in Washington and Alaska. *Id.* at 340-41. The *Plasterer* court used the term "jurisdiction" to discuss *Washington State's* authority to impose an inheritance tax based on the transfer of property in another state. *Id.* at 342-43. It did not discuss the Washington *courts'* jurisdiction at all. *See id*. In other words, *Plasterer* was about taxing power, and the court simply never questioned the superior court's jurisdiction to decide the issue presented. *See id.* Here, inheritance taxes are not involved, and Sylvestersen provides no persuasive argument for applying those same principles to the context of the superior court's broad jurisdiction over probate cases. *See Reugh*, 10 Wn. App. 2d at 44.

Sylvestersen's argument about the timing of the estate's funding is equally unpersuasive. Although the $65,000 was not transferred to Sylvester until after her death, Elmer understood, as a result of her role as administrator of Meleskie's estate, that proceeds from the sale of Meleskie's Washington property were due to be paid to Sylvester and that their receipt into the estate was imminent. And it is undisputed that Sylvester's estate was subsequently funded with these proceeds. Sylvestersen cites no authority for the proposition that a superior court lacks jurisdiction over a probate where it was understood that the estate would be reliably funded soon after the decedent's death. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Nor has Sylvestersen addressed why his complaints about delayed funding of the estate might be moot.[6]

---

[6] As Court of Appeals' panels are often limited by the arguments presented by the parties, we do not separately address mootness. *Dalton M, LLC v. N. Cascade Tr. Servs., Inc.*, 2 Wn.3d 36, 50, 534 P.3d 339 (2023) (explaining that Washington courts generally follow the rule of party presentation).

Because the superior court had jurisdiction, we hold that it did not err in denying either Sylvestersen's petition to dismiss the probate or his motion for reconsideration.[7]

II. THE SUPERIOR COURT'S AWARD OF ATTORNEY FEES

Sylvestersen next argues that the superior court abused its discretion when it found the petition to dismiss to be frivolous and awarded attorney fees to Elmer. We agree.

A. LEGAL PRINCIPLES

We review the superior court's award of attorney fees because of a frivolous action for an abuse of discretion. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 786, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).

The superior court did not identify the authority it was using for its award of fees for frivolousness, except it suggested it was *not* using the authority of CR 11 (the reference to CR 11 was crossed out in the order). Without CR 11, it is most likely that the superior court was using RCW 4.84.185. Under this statute, the superior court may award the prevailing party reasonable expenses, including attorney fees, incurred in opposing a frivolous action. *Id.* at 785. RCW 4.84.185 provides,

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . or defense was frivolous . . . require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . or defense.

---

[7] Sylvestersen also asserts that the superior court erred in failing to revoke Elmer's nonintervention powers. We presume this argument is rooted in his jurisdiction argument. But if Sylvestersen intends a separate argument unrelated to jurisdiction, he does not support it with any meaningful analysis. Thus, we do not separately address it.

The purpose of this provision is to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims. *Suarez v. Newquist*, 70 Wn. App. 827, 832-33, 855 P.2d 1200 (1993). A lawsuit is frivolous if it cannot be supported by any rational argument based in fact or law when considering the action in its entirety. *Dave Johnson Ins.*, 167 Wn. App. at 785.

The action must be frivolous in its entirety in order to award attorney fees under RCW 4.84.185. *Biggs v. Vail*, 119 Wn.2d 129, 136, 830 P.2d 350 (1992) ("The action or lawsuit is to be interpreted as a whole. If that action as a whole, or in its entirety, is determined to be frivolous and advanced without reasonable cause, then fees and costs may be awarded to the prevailing party."). As a result, if *any* of the asserted claims are not frivolous, fees may not be awarded under RCW 4.84.185. *Id.* at 136-37.

B. APPLICATION

Sylvestersen argues that his petition to dismiss was not frivolous, contending that the superior court's jurisdiction over the probate and the estate's solvency were "debatable." Appellant's Opening Br. at 23. Sylvestersen asserts that the superior court's jurisdiction was a "reasonable inquiry" and that he should not be "punished" as a result. *Id.* at 30. Sylvestersen further argues that moving to dismiss on solvency was also not frivolous because there were, actually, no assets in the estate at the time his petition was filed. We agree that Sylvestersen's petition was not entirely frivolous.

The issue of jurisdiction was not frivolous. Even if Sylvestersen advanced the issue of solvency without reasonable cause because of Sylvestersen's knowledge of the anticipated, and actual, receipt of the proceeds from the Meleskie property sale, the same cannot be said of the

jurisdiction issue. Given the complexity of interstate jurisdiction and the sparseness of relevant case law to guide a clear resolution of the locus of the Meleskie proceeds, we cannot say that Sylvestersen's petition did not present a debatable question. Accordingly, we reverse the superior court' order of attorney fees to Elmer.

III. ATTORNEY FEES ON APPEAL

Sylvestersen appears to claim that he should be awarded costs and attorney fees on appeal. But the entire mention of this issue is Sylvestersen's final sentence of his opening brief when he requests that this court "reverse the decision of the trial court regarding proper jurisdiction and reverse the award of sanctions for a frivolous filing *with costs and fees*." Appellant's Opening Br. at 34. Such treatment is inadequate under RAP 18.1, which requires that a separate section in an opening brief be devoted to the issue of attorney fees and costs. Accordingly, we reject Sylvestersen's request for attorney fees and costs.

Elmer also seeks attorney fees on appeal. Elmer cites to RAP 18.1(a), RCW 11.96A.150, and RCW 4.84.185.[8] RAP 18.1 allows us to award attorney fees if applicable law entitled a party to an award of attorney fees. "We will award attorney fees to the prevailing party 'only on the basis of a private agreement, a statute, or a recognized ground of equity.' " *Tedford v. Guy*, 13 Wn. App. 2d 1, 17, 462 P.3d 869 (2020) (quoting *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988)). RCW 11.96A.150 provides us with discretion to award attorney fees, as equitable, in any Title 11 proceeding related to a decedent's estate.

---

[8] Elmer requests attorney fees under "RCW 4.48.185" but likely intended to refer to RCW 4.84.185, which allows the court to award attorney fees for frivolous actions.

No. 60428-1-II

This appeal arose out of an action to probate Sylvester's estate, which is governed by Title 11. Therefore, RCW 11.96A.150 authorizes us to award Elmer attorney fees if equitable. But because Elmer has only partially prevailed on appeal, we do not award her attorney fees on appeal.

CONCLUSION

We affirm in part and reverse in part. We deny both parties' requests for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

GLASGOW, J.